THOMAS v. BRIDGES, *Appellant.*

**Vendor's Lien**: FRAUD: SUBROGATION.  A purchaser at administrator's sale, by falsely representing that he had become the owner of an allowance that had been made against the estate of the intestate in favor of one S., induced the administrator to give him credit for the amount of said allowance as part payment of the purchase money, and the administrator thereupon executed a deed, and afterward made final settlement of the estate.  He was afterward compelled to pay the allowance to S. out of his own pocket.  *Held*, that he was entitled to be subrogated to the rights of the estate, and to have a vendor's lien enforced in his favor against the land in the hands of one who had, in the meantime, received a voluntary conveyance from the purchaser at the sale, though without knowledge of the fraud practiced on plaintiff.

*Appeal from Howell Circuit Court.*—The case was tried before B. B. PRICE, ESQ., sitting as Special Judge.

AFFIRMED.

This was a suit to enforce a vendor's lien.  The facts were as follows:  The plaintiff, as administrator of one Griffith, the first husband of defendant, by order of the probate court of Howell county, in October, 1868, sold the land against which the lien was claimed in this case, to one May, who paid part of the purchase money in cash, and for the remainder executed his note at eight months.  In making the purchase, May was acting for one J. W. Montgomery, who had, in the meantime, intermarried with defendant.  When the note became due, Montgomery, claiming to be the owner of certain allowances for $258, which had been made against Griffith's estate in favor of one Stubblefield, insisted on turning them in to plaintiff in part payment of the note, and plaintiff permitted it to be done.  The remainder of the note was paid in money, and plaintiff then made a deed to May, who, by Montgomery's direction, immediately quit-claimed to the defendant.  Plaintiff then made final settlement of the Griffith estate.  Afterward, Stubblefield presented his claims, and plaintiff

refusing to pay them, Stubblefield sued him, recovered judgment and compelled him to pay them. Pending this suit defendant and her third husband, Thos. Bridges, Montgomery having died in the meantime, executed a written promise to indemnify plaintiff against the Stubblefield claims. They failed, however, to fulfill their promise, and plaintiff then brought this suit.

*Chas. A. Winslow* for appellant.

The transaction between plaintiff, May and Montgomery, in which plaintiff, with his eyes open and the claims not present, agreed to and did take the Stubblefield claims as part payment on the purchase money, receiving the balance in cash and executing the deed, amounted to a payment of the purchase money. There is no pretense of an agreement for a lien at that time, defendant was not in any way privy to that transaction, and the facts were not sufficient to create a lien; nor can plaintiff be substituted for the estate, the purchase money having been paid. *Wooldridge v. Scott*, 69 Mo. 669 ; *Pearl v. Hervey*, 70 Mo. 160; *Maupin v. Grady*, 71 Mo. 278. Plaintiff's suit, as set forth in his petition, is founded on the written contract of indemnity. He cannot recover for the fraud practiced on him by May and Montgomery. *Waldhier v. R. R. Co.*, 71 Mo. 514. The contract of indemnity is a waiver of the vendor's lien. *Weed S. M. Co. v. Maxwell*, 63 Mo. 486 ; *Cowl v. Varnum*, 37 Ill. 181; *Sullivan v. Ferguson*, 40 Mo. 79 ; *Durette v. Briggs*, 47 Mo. 356.

*Smith & Krauthoff* for respondent.

If by the fraud of the vendee a part of the purchase money remains unpaid when the vendor supposes it has been paid, a lien may be asserted for that portion. *Coit v. Fougera*, 36 Barb. 195, 200 ; 1 Perry on Trusts, (2 Ed.) § 237 ; *Bradley v. Bosley*, 1 Barb. Ch. 125, 152 ; *Toby v. Mc-*

*Allister*, 9 Wis. 463; *Madden v. Barnes*, 45 Wis. 135; *s. c.*, 30 Am. Rep. 703; *Skinner v. Purnell*, 52 Mo. 96. The acceptance of the Stubblefield allowances, being procured by fraud, was no payment of the purchase money. *Johnson v. Scott*, 34 Mo. 133; 2 Greenleaf Ev., §§ 520, 522, 523; *Lightbody v. Ontario Bank*, 11 Wend. 9; *Jones v. Ryde*, 5 Taunt. 488; *Pierce v. Drake*, 15 Johns. 475; *Willson v. Foree*, 6 Johns. 110; *Leonard v. Taunton*, 2 Cush. 464; *Perkins v. Cummings*, 2 Gray 258; *Swartwout v. Payne*, 19 Johns. 294; *Atkinson v. Hawdon*, 2 Ad. & El. 628; *Sloman v. Cox*, 5 Tyrw. 174. Plaintiff is entitled to maintain this action. The rule is, that if one is compelled to pay the purchase money due on a contract for the sale of land, he will be subrogated to the rights of the vendor, and will have a right to enforce the vendor's lien for his own benefit. *Smith v. Schneider*, 23 Mo. 447; *Kleiser v. Scott*, 6 Dana 137; *Magruder v. Peter*, 11 Gill & J. 219; *Schermerhorn v. Barhydt*, 9 Paige 30, 43; *In re McGill*, 6 Barr (Pa.) 504; *Magee v. Magee*, 51 Ill. 500. So, if a note, given to the vendor for the purchase money of real estate sold by him, is indorsed by him, and he afterward pays the same to the indorsee, his vendor's lien will revive and attach to the debt evidenced by it, although such lien could not have been enforced by such indorsee. 1 Perry on Trusts, (2 Ed.) § 238, p. 296; *Pitts v. Parker*, 44 Miss. 247; *Green v. Demoss*, 10 Humph. 375; *Cotten v. McGehee*, 54 Miss. 510. To permit defendant to defeat the payment of the debt and still retain the land, would be against conscience. 2 Story Eq. Jur., § 1219; *Pratt v. Clark*, 57 Mo. 191. She holds only under a quit-claim deed, and under such a deed the land in her hands remains subject to all the equities attaching to it in the hands of her vendor, without regard to the question whether such equities were or were not known to her. *Ridgeway v. Holliday*, 59 Mo. 444; *Stivers v. Horne*, 62 Mo. 473; *Mann v. Best*, 62 Mo. 491; *Austin v. Loring*, 63 Mo. 19, 21. The fact that the defendant accepted only a quit-claim deed

from May, is of itself sufficient evidence that she is not a purchaser without notice. *Stoffel v. Schroeder*, 62 Mo. 147. Besides she had actual notice of the facts. The case, therefore, stands as though the plaintiff was seeking to enforce his lien against the purchaser himself, and is unaffected by any subsequent conveyance. The land in the hands of the defendant is chargeable with this lien and all the equities which accrue to the plaintiff by the conduct and representations of either May or the defendant's then husband. *Davenport v. Murray*, 68 Mo. 198, 201.

I.

SHERWOOD, C. J.—The only points of resemblance between this case and that of *Wooldridge v. Scott*, 69 Mo. 669, are that in each instance, the administrator made a deed conveying the land of his intestate, and subsequently sought to enforce a vendor's lien against the land thus sold. But right here all resemblance between the two cases ceases. In Wooldridge's case there was no fraud; here, on the contrary, J. W. Montgomery, former husband of defendant, falsely and fraudulently representing to plaintiff that he was the owner of the Stubblefield claims, induced plaintiff to make a deed to May, reciting that the purchase money had been paid, when in truth and in fact only a small portion thereof had been paid, and a balance equal in amount to the Stubblefield claims was then, and still remains unpaid. Plaintiff afterward made final settlement of the estate of Griffith, and subsequently thereto ascertained for the first time, and after Montgomery's death, the fraud the latter had perpetrated upon him, and was compelled by judgment rendered to make good the loss occasioned by the fraud. It is evident that Montgomery, the perpetrator of the fraud, was the real purchaser of the land, and that May was the mere conduit of the title to Montgomery's then wife, the present defendant. In such

circumstances she is to be regarded as a mere volunteer, and occupies no better position than Montgomery himself would, had he taken the title of the land in his own name. It matters not that she was not personally present when the fraud was accomplished, and had no knowledge of it until long after its perpetration. It suffices that she is the recipient of the fruits of that fraud, and holds them, therefore, by as precarious a tenure as if she had been an original and active fraud feasor.

The case of *Skinner v. Purnell*, 52 Mo. 96, resembles this one. There, Purnell purchased property, had the deed made to his wife, paid a portion of the purchase money, and for the residue gave his note professedly secured by deed of trust on property which he fraudulently claimed to own, and held that the vendor was not divested of his debt and his lien by the fraudulent contrivance, but that he could enforce his lien againt the land conveyed to the wife. Here a similar fraud was practiced, the only difference between the two cases consisting in this, that Purnell fraudulently represented himself as the owner of the land on which he pretended to secure the note for the balance of the purchase money, while Montgomery made a similarly false representation as to his ownership of the Stubblefield claims. In Wooldridge's case a very broad intimation is given that if fraud had been practiced relief would be afforded "on the foot of the fraud." The element lacking in that case is fully supplied in this. It is not to be tolerated that such a fraud as we are now discussing should be successful. If in an ordinary case, a case free from fraud, the lien of the vendor is founded on the idea that it would be against conscience to permit a person who has obtained the land of another to keep it and not pay the purchase money, (2 Story Eq. Jur., § 1219,) would it not be doubly unconscionable in a case of this character that the land should be retained and exempted from its equitable burden, the purchase money? Inasmuch, therefore, as plaintiff, through the fraudulent machinations of

Montgomery, was compelled to pay the remaining sum due on the land which defendant now possesses, we shall hold, as did the court below, that plaintiff is entitled to be subrogated to whatever rights the estate of Griffith had in the premises, and to have similar enforcement thereof.

## II.

In relation to the homestead right claimed by defendant, it is enough to say that there is no evidence of such right, and if there were, it would be in subjection to the vendor's lien. Thompson Homestead, §§ 330, 331.

## III.

If it be true that defendant has a dower interest in the land, an interest in existence at the time the land was sold by the administrator, as a matter of course, the vendor's lien would not defeat that right. By taking proper steps, the dower of defendant can be assigned her and the lien enforced against the residue of the land against the revissionary interest in that portion in which the dower shall be admeasured and assigned. Judgment affirmed. All concur.

### On Motion for Rehearing.

SHERWOOD, C. J.—As there was no evidence of any homestead right in the defendant, our remarks respecting such right had no foundation, and we, therefore, withdraw them. Adhering to our original opinion, we deny the motion for rehearing. All concur.