Strohm *et al. v.* Good *et al.*

No. 12,369.

STROHM ET AL. *v.* GOOD ET AL.

VENDOR'S LIEN.—*Grantee with Notice.*—*Volunteer.*—Where one buys land and refuses to pay for it, equity awards his vendor a lien, which will be kept alive for his protection, as against a subsequent grantee with notice, or one who is a mere volunteer without notice.

SAME.—*Assumption of Mortgage by Vendee.*—*Contract.*—*Notice.*—G. sold to S. a tract of land, the latter agreeing to pay off an existing mortgage upon that and other lands of the vendor as a part of the consideration, he to receive a deed when one-half of such mortgage debt was paid. Subsequently, G. desiring the encumbrance removed from her other lands, the parties agreed orally that she should pay the mortgage debt, and that when the first of the notes evidencing it became due, and upon the delivery of his deed, S. would repay to her one-half of such debt, and execute a mortgage for the remainder upon the land conveyed to him. The deed, at S.'s request, was executed to his wife, who had full knowledge of the contract, after which he repudiated his promise, and refused to pay one-half of the mortgage debt, and to execute a mortgage for the remainder.

*Held,* that G. has a valid vendor's lien on the real estate for the full amount of the mortgage debt paid by her.

CONTRACT.—*Agreement to Execute Promissory Note.*—*Debt Becomes Due on Failure to Do So.*—If a debtor agrees to execute a note or other evidence of indebtedness, and refuses to do so, the debt becomes due immediately.

From the Elkhart Circuit Court.

*R. M. Johnson, E. G. Herr, H. D. Wilson* and *W. J. Davis,* for appellants.

*J. H. Baker* and *F. E. Baker,* for appellees.

ELLIOTT, J.—The material allegations of the appellee's complaint are these: On the 27th day of April, 1883, Magdalena Good was the owner of a parcel of land, and on that day she and her husband entered into a written contract with Joseph Strohm, wherein she agreed to sell and convey it to him. Among other promises forming part of the consideration agreed to be paid for the land, was a promise on the part of Joseph Strohm to assume and pay a mortgage previously executed by Magdalena Good to Solomon Stahley.

Strohm *et al. v.* Good *et al.*

This mortgage covered the land purchased by Strohm, and also other lands of the mortgagor. The contract, as originally drawn, provided that Joseph Strohm should receive a deed on or before the 1st day of July, 1883, but, by a subsequent writing, the contract was so modified as to provide that he should receive a deed, when he had paid one-half of the mortgage assumed by him. Prior to the time of the maturity of the mortgage debt, Magdalena Good desired to remove the encumbrance of the mortgage from the real estate embraced in it, but which was not sold to Strohm, and an oral agreement was entered into between her and Strohm wherein it was stipulated that if she would pay the mortgage debt, he would, when the first of the notes evidencing it became due and the deed was ready for delivery, pay one-half of the mortgage debt, and execute a mortgage for the remainder upon the real estate conveyed to him. Relying on this promise of Strohm, the appellee caused her agent, Isaiah Good, to pay the Stahley mortgage with his own money, agreeing with him that he should be repaid in accordance with Strohm's contract. Strohm requested that his wife, Mary Strohm, should be substituted as grantee, and this was done in the deed executed by the appellee and her husband. The deed was delivered on the 24th day of January, 1884, and was executed to Mary Strohm, the wife of Joseph Strohm, as requested by the latter. Of the contract between him and his vendor Mrs. Strohm had full knowledge, and she paid no consideration. Joseph Strohm repudiated his promise and refused to pay one-half the amount of the mortgage debt in money, and also refused to execute a mortgage for the remainder.

Mrs. Good had a right to protect her property by paying the mortgage, and, under the verbal contract, she had a right to have her lien kept alive. Until Strohm paid the purchase-money, as he had agreed to do, the lien remained in life, binding the land in his hands and in that of his wife, who claimed through him. There was no surrender or merger of this

Strohm *et al. v.* Good *et al.*

equitable lien, and it remained in force for the protection of the vendor. As she paid, or caused to be paid, what her grantee was bound to pay, she is entitled to be reimbursed, for she paid in the capacity of surety. *Fairchild* v. *Lynch*, 99 N. Y. 359.

If it were true that payment extinguished the mortgage, still, granting that it did, but not now so deciding, the equitable lien survived, and can be enforced. If the purchase-money was not paid the vendor's lien will be kept alive, for this equity requires. *Hanlon* v. *Doherty*, 109 Ind. 37 ; *Elston* v. *Castor*, 101 Ind. 426 (51 Am. R. 754) ; *Hewitt* v. *Powers*, 84 Ind. 295; *Lowrey* v. *Byers*, 80 Ind. 443 ; *Smith* v. *Oster-meyer*, 68 Ind. 432 ; *Troost* v. *Davis*, 31 Ind. 34 ; *Howe* v. *Woodruff*, 12 Ind. 214 ; *Barnes* v. *Mott*, 64 N. Y. 397.

Where a man buys land and refuses to pay for it, equity awards his vendor a lien, which will be kept alive for the latter's protection.

When Joseph Strohm repudiated his agreement to execute a note and mortgage for one-half of the amount of the Stahley mortgage, that amount became due at once. It is an elementary principle that if a party agrees to execute a note or other evidence of indebtedness, and refuses to do so, the money becomes due immediately.

Mary Strohm is a mere volunteer, and not only so, but she took title with full notice of the equities of her vendor. It would be monstrous to permit her to defeat prior equities of which she had full knowledge. She must pay the lien or she must surrender the land.

There is no question of novation in the case, for there was no release of the original debtor nor of the land. Mrs. Strohm holds the land subject to the lien for the purchase-money, and this she must pay or else she can not hold the land. She has no better right than her husband. This would be so if she were a volunteer without notice, but she is both a volunteer and a grantee with notice. *Petry* v. *Ambrosher*, 100 Ind. 510.

Equity looks through form to substance, and the substance here is that the purchase-money promised Mrs. Good has not been paid, and the land is bound for it, and no formal or technical questions will be allowed to defeat this clear equity when urged by a grantee who has paid no consideration and had full notice.    There is no change of debtors, for Joseph Strohm remained the debtor of his vendor until he paid what he agreed to pay for the land.    The fact that he agreed to remove an encumbrance, and release Mrs. Good from liability on it, does not make his promise different in legal effect from a promise to pay the purchase-price in money.    The character of the payment is not affected by the manner in which he agreed to make it.    *Day* v. *Patterson*, 18 Ind. 114.

The right to recover rests upon the contract with Joseph Strohm, and upon broad equitable principles; there is, therefore, no question as to the capacity of Mrs. Strohm to bind herself or her land by a verbal contract.    The right of recovery rests on the transactions lying back of her title.    The land is bound because Mrs. Strohm's vendor owed the purchase-money for it, and she knew it when she accepted title as a mere volunteer.    The prior equities prevail over her grantor's title, and seize upon the land in her hands.    Her grantor was bound to protect his vendor, and this duty created a lien upon the land which the conveyance to Mrs. Strohm did not impair.    *Wilcox* v. *Campbell*, 106 N. Y. 325.

It is not material that no breach of contract is charged against Mrs. Strohm, for she is not personally liable, nor is she sought to be held liable on a contract; what is sought is to make the land liable in her hands for the unpaid purchase-money.    If she were a purchaser for value and without notice, she might justly resist the appellee's claim; but as it is, her resistance has not a shred of merit to support it.

Joseph Strohm in assuming to pay the mortgage to Stahley became primarily the debtor, and the land bought by him was primarily liable for the debt.    *Wilcox* v. *Campbell*, *supra.*    The failure to pay this mortgage was a failure to

Strohm *et al. v.* Good *et al.*

pay the purchase-money, and was, also, a breach of the contract to protect Mrs. Good's property. There can, therefore, be no doubt that a right of action at once accrued to her. As there was a cause of action, and as that cause of action was founded on a failure to pay the purchase-money as agreed, she has a right to enforce a vendor's lien.

The special finding states that there was an agreement between Magdalena Good and Isaiah R. Good, providing that if he would advance the money to pay the mortgage which Joseph Strohm had assumed to pay as part of the purchase-money, he should be reimbursed " out of the money coming from Joseph Strohm." This agreement did not release the latter from the contract with Mrs. Good, nor did it make Isaiah R. Good his creditor. The promise made to Mrs. Good was not affected by this agreement, for Strohm was not a party to it. Mrs. Good became bound to Isaiah R. Good, but did not surrender her right to enforce a lien for the purchase-money. Isaiah R. Good could not enforce the mortgage because he had agreed to look to the money collected from Strohm, and Mrs. Good did not surrender her lien, nor did she assign it. Doubtless, Isaiah R. Good might compel her to pay him the amount advanced at her request, but this is no concern of the appellants. Their obligation is to Mrs. Good, and their duty is to pay her for the land bought of her. The artifice resorted to for the purpose of vesting title in Mrs. Strohm avails nothing, for equity brushes such things from its path and goes straight to the right and justice of the controversy.

Judgment affirmed.

MITCHELL, C. J., did not take any part in the decision of this case.

Filed Jan. 19, 1888.