(Decided 26th June. 1889.)

LEVIN E. P. BOWLAND *vs.* WILSON, PALMER & Co., and others.

*Proceedings in Involuntary insolvency—Framing issues—*
*Practice in Appellate Court—Sufficiency of Verdict to Sup*
*port judgment.*

In all cases of proceedings of involuntary insolvency, formal issues should be framed, which should clearly present the facts in dis-

pute; and it is the right of either the petitioner or the defendant to demand such issues.

It is also the duty of the Court, upon such demand being made, to see that the proper issues are made and submitted; and it is a good ground for exception if the Court refuses to do so.

But, if the parties elect to go to trial upon the petition and answer, they cannot afterwards complain of the want of formal issues.

Where it does not appear from the record that any demand was made by either party for issues before the jury were sworn, or any exception taken because they were refused, that objection cannot be considered on appeal.

In a petition filed for the purpose of throwing a defendant into involuntary insolvency, if the petition contains a statement of facts which, if true, would authorize him to be adjudged an insolvent, and the parties elect to go to trial upon the petition and answer, a verdict "for the petitioners" can only mean that the jury find the facts stated in the petition to be true, and will be sufficient to support a judgment.

APPEAL from the Circuit Court for Somerset County.

The case is stated in the opinion of the Court.

The cause was submitted on briefs to ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*Thomas S. Hodson,* for the appellant.

*Robert F. Brattan, James U. Dennis, Joshua W. Miles,* and *Henry Page,* for the appellees.

On a motion in arrest the error must be both *substantial* and *apparent* on the face of the record. 1 *Poe's Pleading,* 750, *and authorities there cited.*

The fact that the verdict rests upon evidence legally inadmissible, or upon a misdirection of the Court, may be relied on in a motion to set aside the verdict. Or such matters may be raised in the Appellate Court by

exceptions properly taken. But motions in arrest go to the *legal defects* in the *verdict or the record.* Neither the evidence admitted nor the instructions of the Court below form parts of the record, and therefore cannot be regarded upon a motion in arrest. *Waters, et al. vs. Waters, et al.,* 26 *Md.,* 74. If this be so, there is nothing in this case now before the Court but the petition, the answer and the verdict.

While therefore this Court will examine the whole record, inasmuch as it will not be contended that the pleadings are defective or insufficient to maintain a verdict, its examination will be confined to the two reasons assigned in the defendant's motion.

The first reason assigned is, that no issues were made up and submitted to the jury. Such a reason cannot be heard on a motion in arrest. It relates to a mere matter of practice. Issues are ordered with the object of promoting the convenience, dispatch and order of business. They are matters of form and not of substance. The failure to observe a matter of form cannot avail on a motion in arrest. *Art. 75, sec. 9, of the Code; Loney, et al. vs. Bailey & Caldwell,* 43 *Md.,* 10.

Besides this, the defendant neither asked for, nor tendered issues. He chose to go to trial without demanding them. When the jury was sworn he could have demanded them, and if he had been refused his demand, there would have been ground for appeal upon exceptions properly taken. Having elected to proceed without them, it is now too late to object. He has waived his right to demand them. *Castleberg vs. Wheeler, et al.,* 68 *Md.,* 274.

The second objection is "Because the Court *cannot* discover from the verdict what issues, if any, were passed upon by the jury, and what the jury found," etc. The form of the verdict is not now open for objection. The jury found "for the petitioners," and the Court certifies

that "as the jury was about to retire, the Court asked *counsel* how the jury should be *instructed* to render the verdict, when petitioners said the verdict should be simply 'for petitioners or respondent,' and *no exception was taken*, although defendant's counsel did then say that there ought to have been issues."

It seems, therefore, that the Court, with the knowledge and within the hearing of the counsel of both sides, instructed the jury as to the form of the verdict, and no objection was made by the defendant counsel. If he had objection, he should have excepted, and having failed to do so, he must now be held to have acquiesced. Instructions granted by consent cannot be objected to in the Appellate Court. *P., W. & B. R. R. Co. vs. Harper*, 29 *Md.*, 330; *Sittig vs. Birkenstack*, 35 *Md.*, 273; *Purner vs. Piercy*, 40 *Md.*, 212.

As matter of fact, the verdict is not defective or insufficient. The petition alleged certain matters of fact, and the verdict being a general verdict and unexplained by anything cognizable by this Court, finds all these facts for the petitioners.

The facts alleged in the petition are sufficient to sustain the verdict; the answer, by denying and offering matter in bar, raises an issue or issues, and a verdict which finds for the petitioners, *i. e.*, finds the facts according to their legal effect, as alleged, cannot be indefinite or uncertain.

STONE, J., delivered the opinion of the Court.

This is an appeal from the action of the Circuit Court for Somerset County overruling a motion in arrest of judgment. The motion was made in a proceeding of involuntary insolvency, and the material facts are these:

Wilson, Palmer & Co., and Young, Creighton & Diggs filed in January, 1889, a petition against Bowland, charging that they were creditors of Bowland to an

amount exceeding two hundred and fifty dollars; that Bowland on and before the 2nd of October, 1888, was a merchant doing business in Somerset County, and that their debts had occurred prior to that time; that said Bowland, in his own right, was possessed of real and personal property in said county, and that he also held in his own right a mortgage from a certain A. Goodrich and wife for two thousand dollars; that the said Bowland being insolvent, and in contemplation of insolvency, and within sixty days before filing the petition, did assign said mortgage and other of his personal property to his wife, Evelyn C.; that said assignments did contain and work an unlawful preference, and were made with the intent to delay, hinder, and defraud the creditors of the said Bowland, and especially the petitioners; and that said assignments, conveyance, and transfer and the preferences therein contained, are unlawful, fraudulent, and void.

The petitioners prayed for process against Bowland, that he might be declared an insolvent, and the assignments and conveyances declared void.

Bowland, the defendant, appeared and answered this petition. In his answer he admitted his indebtedness to the petitioners, and that he was prior to 2nd October, 1888, a merchant in Somerset County, and that on that date, to wit: 2nd of October, 1888, he was insolvent. He also admitted the execution of the mortgage from Goodrich and wife to himself, and he also admitted the assignment of said mortgage for a good and valuable consideration, and in good faith, to his wife Evelyn.

But the defendant denied that he was a merchant at the time of making the assignment of the mortgage, to wit, on 23rd of November, 1888, but alleges that the sheriff seized his goods, and closed his store on the 2nd of October, 1888, and that he had carried on no business as a merchant since. He denied that he ever

transferred to his wife any personal property as set forth in the petition. He also denied that he held the mortgage debt in his own right, but claims that at the time of the assignment, and before, his wife, Evelyn, was the real owner of said debt, and her right to it would have been enforceable in equity. He denied that he had made any assignment, transfer, or conveyance of his property with intent to delay, hinder, or defraud his creditors.

These are the material facts set forth in the petition, and admitted or denied by the answer. Upon the filing of the answer, a jury appears to have been empannelled, which found a verdict "for the petitioners."

The defendant, Bowland, thereupon moved in arrest of judgment and filed the following reasons:

1st. Because no issues were made up and submitted to the jury for their determination.

2nd. Because the Court cannot discover from the verdict what issues, if any, were passed upon by the jury, and what the jury found upon the issues, if any, in the cause.

3rd. Because of other errors and irregularities in the verdict, and apparent upon the face of the record.

The first reason assigned by the defendant for arresting this judgment,—that no formal issues were framed,—cannot now avail him. It is certainly true that, in all cases of this sort, formal issues should be framed, which should clearly present the facts in dispute; and it is the right of either the petitioners, or the defendant, to demand such issues. It is also the duty of the Court, upon such demand being made, to see that the proper issues are made and submitted; and it is a good ground for exception if the Court refuses so to do. But, if the parties elect to go to trial upon the petition and answer, they cannot afterwards complain of the want of formal issues. In this case it does not appear from the record that any demand was made by either party for issues

before the jury were sworn, or any exception taken because they were refused. That objection cannot now be made. *Castleberg vs. Wheeler, et al.*, 68 *Md.*, 266.

The Court certified that the question presented and passed upon by the Court under the second reason assigned by defendant was, "whether the verdict was defective in not specifying any particular act of insolvency under the ruling of the Court, or other facts under the said ruling, by prayer accompanying this record."

The validity of this verdict must be determined by a reference to the pleading, and for this purpose the whole record is before us. The judgment to be entered upon this verdict, if it is valid, is an adjudication of insolvency against the defendant. It is necessary, therefore, that the verdict should with reasonable certainty ascertain facts sufficient for the Court to base their judgment upon. It has been repeatedly decided in this State that mere formal defects in a verdict are not sufficient to sustain a motion in arrest, but the defect must be a substantial one. *Mitchell vs. Smith*, 4 *Md.*, 403.

In order, then, to determine the validity of this verdict, we must recur to the pleadings. The petition charged that the defendant, being a merchant, and engaged in business, and being then insolvent, and indebted to the petitioners in an amount exceeding two hundred and fifty dollars, did within sixty days before filing the petition, convey to his wife a mortgage which he then held, and other personal property, with intent thereby to delay, hinder, and defraud his creditors.

It will be seen, by reference to the petition, that every fact necessary to make out a case of involuntary insolvency was alleged against the defendant.

In his answer he denied that he had conveyed any personal property to his wife, and also emphatically denied that he had assigned the mortgage to her with

intent to delay, hinder, or defraud his creditors, but asserted, that, in equity, his wife had a good and *bona fide* claim to the mortgage.

In finding their verdict "for the petitioners," it is reasonably certain, we think, that the jury meant to say and did say, that the facts set forth in the petition were true; and, as we have already stated, all the facts necessary to make a case of involuntary insolvency were stated in the petition, the verdict is sufficient, and a judgment can be properly entered upon it.

The appellant has relied somewhat upon some expressions used by the Judge in delivering the opinion of this Court in *Browne vs. Browne, et al.,* 22 *Md.,* 103. That case was a *caveat* to a will, and the jury found a general verdict for defendants, and upon motion in arrest, the Court sustained the verdict. But the Court said some question might arise if the verdict had been a general verdict for the plaintiffs, and referred to the case of *Biggs, et al. vs. Barry, et al.,* 2 *Curtis C. C. Reports,* 259.

Upon a reference to that case we find that the decision there was made upon a *motion for a new trial;* that there were two distinct causes of action in the declaration, and that by *consent of parties*—the jury while being polled, were asked upon which count they found, and it appeared that some were for one count, and some for the other. As a matter almost of course, under these circumstances, a new trial was ordered.

As in an ordinary action at law, one good count in the declaration will support a verdict, so in a petition filed for the purpose of throwing a defendant into involuntary insolvency, if the petition contains a statement of facts, which, if true, would authorize him to be adjudged an insolvent, and the parties elect to go to trial upon the petition and answer, a verdict "for the petitioners" can only mean that the jury find the facts stated in the petition to be true, and will be sufficient to support a

judgment. We will, however, repeat what was said in *Castleberg's case*, and what we have before stated, that much the better practice is to frame formal issues.

(Decided 14th November, 1889.)