[No. 6150.]

### HARRISON v. HODGES ET AL.

1. **Appeals — What May Be Assigned for Error** — Appellant will not be heard to complain of error which operates to his advantage.—(107)

2. **——Party Concluded by Positions Taken Below**—Where on bill to quiet title it was conceded by the plaintiff, in the court below, that the defendant was entitled to the land, unless effect was to be given to a tax deed under which plaintiff claimed, he will, upon appeal, be concluded by this concession.—(108)

3. **Quieting Title—Answer—Need Not Anticipate Plaintiff's Title**—Where the plaintiff alleges merely that he is the owner of the land, the defendant is not required to anticipate and assail

his title, by the answer. Where in such case the plaintiff offers and relies upon a tax deed, the defendant may object to it, as void upon its face.—(107, 108)

The defendant is not even required to present a counter-claim or pray affirmative relief.—(107; 108)

*Appeal from Kit Carson District Court*—Hon. LOUIS W. CUNNINGHAM, Judge.

Mr. GEORGE W. TAYLOR for appellant.

Mr. JOHN F. MAIL for appellee, Carnahan.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This action was brought by the appellant as plaintiff to quiet her title to a quarter section of land in Kit Carson County. The complaint alleges that the plaintiff is the owner and in possession of the land; that the defendants claim an interest adverse to plaintiff; that such claim is without right and that the defendants have no right or title. The defendant, Carnahan, answered denying the ownership and possession of plaintiff and setting forth that he is the owner in fee of the land. The plaintiff claimed the land under a tax deed. When this deed was offered in evidence, the lower court, upon objections to its admission, held it was void on its face and would not admit it. No complaint of this ruling is made in the brief. A decree was entered for the answering defendant, adjudging that he was the owner in fee of the land; that the tax deed was void; that the cloud created thereby be removed; that the defendant, within thirty days, pay into court for the plaintiff, the sum of $51.88, to reimburse her for taxes and interest paid by her, and that in default of such payment the decree should be void. The appellant first contends that there are no alle-

gations in the pleadings upon which the decree can be based. The answer alleges that the defendant is the owner in fee, and the decree so determines. The remaining portions of the decree, except as to the repayment of money, are, in effect, included in the portion adjudging the defendant to be the owner in fee. The portion of the decree relating to the repayment of money was no doubt intended to be responsive to the statute which requires the repayment of money paid for taxes before a tax deed can be avoided. The plaintiff complains of this because, as is said in the brief, there were no allegations concerning, and no evidence of, the payment of money. If this position be true, which is not decided, the plaintiff cannot complain of the action of the court in requiring the defendant to pay her money, to which, as she says, she was not entitled and of which she offered no testimony. The brief further remarks that the amount of taxes to redeem from the tax sale would be nearer $100.00 than the amount fixed by the court to be paid by the defendant. The sale was of a half section of land, while the defendant claimed to own, and the suit involved, but a quarter section or one-half of the land sold. It thus appears that, under her own theory, the court was generous and did substantial justice in allowing her $51.88. If any complaint is to be made of this, it is the defendant and not the plaintiff that should be heard. It is further contended that the relief granted Carnahan is wrong, because he filed no cross-complaint, pleading any defects in the tax deed, and alleged nothing that would entitle him to affirmative relief, and because the defendant asked only "to go hence and have judgment for costs." It is impossible to conceive how the defendant, in his answer, could be expected to plead the defects in the tax sale or tax deed. The plaintiff, in her complaint, alleged

that she was the owner of the land. The defendant, in his answer, was not bound to anticipate that the plaintiff would prove her title by a tax deed. In fact, there was nothing in the complaint that called for more than a denial of plaintiff's title and the setting out of the right or interest claimed by the defendant. Section 255 of Mills' Annotated Code provides that an action to quiet title may be brought by any one in possession against any person who claims an estate in the land adverse to the plaintiff, for the purpose of determining such adverse claim, estate or interest. The very purpose of the action was to determine the adverse estate of the defendant. This is substantially all that the court did. It determined that the defendant was the owner in fee of the land, as he alleged he was in his answer. The plaintiff, having brought the suit for the purpose of such determination, cannot now be heard to complain because the court did determine it. The last contention is that the defendant made no proof of his title. The record is not as clear on this point as it should be. The attorney for the plaintiff on the brief is not the attorney who tried the case for her, and this, no doubt, accounts for the misunderstanding. The recitals in the record, taken with what was done by each of the parties and the court at the trial, makes it evident that it was agreed by the attorneys and understood by the court that the answering defendant was the owner of the land through mesne conveyances from the United States, unless he was cut off by the tax deed. As all the contentions of the plaintiff have been noticed and no error found, the judgment is affirmed.

*Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.