No. 8815.

MIHOOVER v. WALKER ET AL.

1. MORTGAGE—*Foreclosure Sale—Redemption,* by the holder of the equity of redemption frees the estate from the lien of the mortgage, but it remains subject to all other liens.

2. VENDOR'S LIEN—*When Allowed.* Plaintiff conveyed lands, the grantee assuming a mortgage thereon. Default being made in the mortgage debt the lands were sold under a power of sale contained in the mortgage, for less than the mortgage debt. Plaintiff having discharged the balance so remaining was held entitled to a lien upon the land against one, who, with notice of the facts, had purchased from plaintiff's grantee. The redemption of the premises by the purchaser, from the foreclosure sale, had not the effect to defeat the lien.

3. EVIDENCE—*Presumptions.* One purchasing lands with notice of an equitable lien thereon is presumed to have deducted the amount of the lien from the price paid.

*Error to Pueblo District Court, Hon. C. S. Essex, Judge. Department.*

Messrs. HIGHBERGER & GARNETT, for plaintiff in error.

Mr. W. O. PETERSON, for defendants in error.

Opinion by Mr. Justice Teller.

The plaintiff in error was plaintiff below in a suit against the defendants in error to foreclose a vendor's lien. The complaint alleges that the plaintiff, being the owner of an unencumbered title in fee to certain real estate, encumbered the same by deed of trust to the Public Trustee of Pueblo

County, to secure a note of $800.00; that thereafter he sold and conveyed said real estate to one Schrader, who agreed to pay said note as a part of the purchase price of the land so sold to him; that because said Schrader failed to pay interest which became due on the note, the deed of trust was foreclosed, and the land bought in by the holder of the note at $500.00, leaving still due the sum of $381.86; that Schrader transferred his equity of redemption in the premises to one Boese, by deed which was made subject to said encumbrance of $800.00, and to a recorded note of $200.00, given by Schrader to plaintiff, to evidence a further part of the purchase; that Boese, on the day of the transfer to him, by quit claim deed conveyed his interest in the land to the defendants; that both Boese and defendants took their respective conveyances with full knowledge of plaintiff's claims in the sums of $381.86, and $200.00, respectively; that plaintiff was compelled to pay to the holder of his note the balance of $381.86; that the defendants redeemed the premises from the sale under the deed of trust, and now claim the property free of plaintiff's liens; and that Schrader is insolvent, wherefore plaintiff has no remedy save in equity. The defendants filed a demurrer setting up that the complaint did not state a cause of action. The demurrer was sustained, the plaintiff elected to stand on his complaint, and the suit was dismissed.

The question before us is that of the correctness of the court's ruling on the demurrer and consequent judgment of dismissal. The only question argued is as to the right in plaintiff to a vendor's lien.

It is not disputed that a vendor's lien is recognized in this state; *Fostoria G. M. Co. v. Hazard,* 44 Colo. 595, 99 Pac. 758, but defendants in error contend that there is no such lien in this case. Counsel cite 39 Cyc. 1787 to the effect that a vendor's lien exists when the vendor "has taken no security for the purchase money, other than the personal obligation of the purchaser"; and contends that this case does not fall within that definition because plaintiff, by requiring Schrader to assume the debt on the premises,

took what amounts to security, "for with that agreement", counsel says, "Schrader could not get the property clear without paying the debt."

But counsel now claims that the property is clear as a result of Schrader's failure to comply with that agreement. How the effect which it is declared can be produced only by paying the debt, can result from a refusal to pay it, and a consequent sale on foreclosure, is not pointed out.

The assumption of a mortgage on the property purchased is not a waiver of the vendor's lien. In 39 Cyc. at page 1802, it is said: "Where, as a part of the consideration for the sale, the purchaser assumes the payment of an encumbrance on the land, and the vendor is compelled to discharge such encumbrance, he may enforce the lien."

See also *Elliott v. Plattor,* 43 Ohio St. 198, 1 N. E. 222; *Strohm v. Good,* 113 Ind. 93, 14 N. E. 901; and *Bach v. Kidansky,* 188 N. Y. 368, 78 N. E. 1088.

Counsel appears to recognize the law as laid down by the above named authorities, and does not seriously contend that there was not a lien on the land while in Schrader's hand; but insists that, since the defendants Walker did not assume the debt, and paid the full sum required to redeem, the lien is lost.

He urged that if the lien is held good the statutory right of redemption is abrogated.

This indicates a misapprehension of the effect of such redemption, and a failure to recognize the distinction between a redemption by a creditor, and one by the holder of the equity of redemption. The latter by redeeming acquires no rights other than those which existed at the time of the foreclosure. The estate is restored to him free of the lien which was foreclosed, but subject to all others. *Warren v. Fish,* 7 Minn. 432 (Gil. 347).

A grantee of the equity of redemption has no better right than his grantor. "A conveyance by the debtor can confer no greater rights than he himself had. It cannot disencumber the property, or give a better or superior title. The successor is not a *bona fide* purchaser for value, but

simply occupies the shoes of his predecessor, with no new or enlarged rights or privileges." *Flanders v. Aumack,* 32 Ore. 19, 51 Pac. 447, 67 Am. St. 504. See also *De Roberts v. Stiles,* 24 Wash. 619, 64 Pac. 795.

The demurrer admits the allegations of the bill that the defendants and their grantor took title with full knowledge of plaintiff's claim for a balance on the purchase price.

Was this, then, a valid lien as against the Walkers?

Such a lien "avails against all subsequent purchasers and encumbrancers of the land under the grantee, who are not *bona fide* purchasers for a valuable consideration and without notice." Pom. Eq. Juris, Vol. 3, 1253.

In other words, it is good as to all purchasers with notice. "If the purchaser of land knows that his vendor is still owing a part of the purchase price, for which no security has been given, he will take the land subject to the implied lien of the original vendor." *Koch v. Roth,* 150 Ill. 312, 27 N. E. 317.

See, also, *Swan v. Benson,* 31 Ark. 728; *Burt v. Wilson,* 28 Cal. 632, 87 Am. Dec. 142; *Strohm v. Good,* 113 Ind. 93, 14 N. E. 901; *Walton v. Hargroves,* 42 Miss. 18, 97 Am. Dec. 429; *Acton v. Waddington,* 46 N. J. Eq. 16, 18 Atl. 536; *Thomas v. Bridges,* 73 Mo. 530; *Whetsel v. Roberts,* 31 Ohio St. 503; Warvelle on Vendors, § 680; 39 Cyc. 1820.

In *Koch v. Roth, supra,* it was held that if the vendee, who has assumed a debt of his grantor as a part of the purchase price conveys to one who has notice of such assumption, and the latter settles the debt for less than its face, the vendor has a lien for the amount of the discount. The court there said: "Upon principle, there can be no good reason why there should not be a lien for unpaid purchase money due the vendor, whether such money is to be paid into the hands of the vendor himself, or into the hands of a creditor for his benefit. The vendor's lien is based on the theory that a vendee ought not to hold the land of another and not pay for it; and the rule that equity looks to substance and not form is applicable to the enforcement of vendor's liens."

In *Elliott v. Platter, supra,* there was an exchange of property, one of the parties agreeing as a part of the consideration for his purchase to remove encumbrances on the land which he conveyed. This he did not do. The court held that the other party had a vendor's lien on the land which she conveyed, and said: "The vendor's lien is based upon the theory that it would be unconscionable that the vendee should hold the land and not pay for it.

In *Strohm v. Good, supra,* the facts are similar to the case at bar in that the vendee assumed and agreed to pay a mortgage which was on the land which he bought. The vendor afterward paid the mortgage, and the vendee claimed that such payment extinguished the lien; but the court refused to agree to that contention. It said, "Where a man buys land and refuses to pay for it, equity awards his vendor a lien, which will be kept alive for his protection."

The authorities are agreed that in cases like this the failure to pay the assumed debt is a failure to pay the agreed purchase price, and it is as inequitable to permit the Walkers, who had notice of the agreement, to escape payment, as it would have been for Schrader to do so. The Walkers having knowledge of the lien, it is presumed that the amount of the lien was deducted from the price they paid for the property. *Weiner v. Heintz,* 17 Ill. 259; Warvelle on Vendors, sec. 680.

It would be grossly unjust under such circumstances, to permit defendants in error to hold the property without making full payment of the purchase price by paying plaintiff in error's claim.

The court erred in sustaining the demurrer and dismissing the suit.

The question as to the time of enforcing the lien of the $200.00 note which is now past due is moot, and requires no consideration.

The judgment is reversed and the cause remanded, for further proceedings is harmony herewith.

Chief Justice White and Mr. Justice Hill concur.