## No. 11,510.

### WALKER INVESTMENT CO. *v.* FLEMING.

Decided May 3, 1926.

Action to quiet title. Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1. CONTRACT—*Forfeiture.* Where a contract for the sale and purchase of lands does not provide for forfeiture, none will be inferred.

2. *Mutual Obligations—Default.* Where the obligations of a contract for the sale and purchase of land are mutual and concurrent, so long as one party makes no tender of a deed, and the other no offer of payment, neither is in default.

3. VENDOR AND PURCHASER—*Contract—Notice.* One who purchases land with notice and knowledge of an outstanding contract of sale and purchase thereof, stands in the shoes of his grantor, with respect to the contract.

4. *Contract—Time.* Where there is no provision in an agreement for the sale and purchase of land that time is of the essence of the contract, failure of the purchaser to pay on the date fixed in the contract is not fatal to his rights, and a declaration of forfeiture and cancellation is without authority and of no effect.

5.  APPELLATE PRACTICE—*Brief—Improper Language.*  A brief containing grossly improper language respecting the trial court will be stricken from the files.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. GEORGE A. CHASE, for plaintiff in error.

Mr. HENRY E. MAY, Mr. ALBERT E. BOGDON, for defendant in error.

*Department Two.*

.Mr. JUSTICE WHITFORD delivered the opinion of the court.

THIS is a suit to quiet title to four lots situated in the City and County of Denver. The findings and decree of the court were in favor of the defendant, and the plaintiff sues out a writ of error for the purpose of reviewing that judgment and prays for a supersedeas. We shall refer to the parties here as they were designated in the court below.

The defendant alleged in his answer that on the 27th day of August, 1924, one Maybelle K. Williamson was the owner of a tax title to said property, and on that day entered into a contract with the defendant Fleming to give him a quitclaim deed to all of her interest therein for $1,100; that he paid $50 cash at the time of the signing of the contract, and $550 thereafter; that he later offered to pay the balance of $500 due thereon, together with interest, but that Williamson refused to accept the same and refused to execute a deed to the defendant for said property; that the plaintiff, the Walker Investment Company, after the execution of the contract, acquired the interest of Maybelle K. Williamson to said property, with full notice and knowledge of said con-

tract, but that plaintiff refuses to carry out the terms of the contract, although defendant tendered to plaintiff the unpaid balance of said contract price and offers to pay the same into the registry of the court, and prays for specific performance of the contract.

The reply admitted the contract and the payment of the aggregate sum of $600, and that the time of payment was extended to January 2, 1925, and that defendant failed to pay, and that thereafter, on May 1, 1925, Williamson, through her attorney, George A. Chase, notified the defendant that Williamson had declared said contract forfeited and cancelled, after which, on May 6, 1925, Williamson conveyed said lots to plaintiff.

The contract is as follows:

"Denver, Colorado, August 27, 1924.

"THIS AGREEMENT, Made in duplicate, and entered into, by and between Maybelle K. Williamson, of Denver, Colo., party of the first part, and James A. Fleming, of Denver, Colo., party of the second part, to do the following things, to-wit:

"First. Party of the first part agrees to sell to second party the following described real estate, all lying and being situated in the City and County of Denver, Colorado, and described as follows: All of Lots Numbered 21, 22, 23 and 24, Block 6, Highland Place, for the total sum of Eleven Hundred ($1,100.00) Dollars cash, to be paid by second party to first party as follows:

"Fifty Dollars cash on signing and delivery of these agreements, which is hereby confessed and acknowledged, and the remaining Ten Hundred and Fifty ($1,050.00) Dollars is to be paid in cash on or before September 27, 1924, when said second party is to receive a Quit Claim Deed signed by said first party to the property mentioned above, first party is to furnish Abstract of Title brought to date within ten days after signing and delivery of this agreement.

"It is mutually understood by both parties hereto that said first party is Quit Claiming her interests that she

has by virtue of a Tax Deed and nothing else, for the sum of $1,100.00.

"It is further agreed by both parties hereto that if this agreement is offered for record in the City and County of Denver, Colorado, then said instrument becomes null and void and of no account and not binding on either party hereto and that said first party is to retain said $50.00 as liquidated damages and be released from this agreement."

The evidence shows the following written endorsements on the contract, which were signed by both Williamson and Fleming:

"Oct. 1, 1924.   Received on acct. the within contract Five hundred fifty dollars.

Mrs. Mabel K. Williamson.

"Oct. 1, 1924.   In consideration of the Interest at 7% per annum from date until the balance is paid, I hereby extend the time of payment of the balance due on the within Contract (five hundred dollars) sixty days from date.

Mabel K. Williamson.

O. K.

James A. Fleming.

"The time of payment of the within amount ($500) is hereby extended to Jan. 2, 1925, with interest as above stated.

Maybelle K. Williamson.

Dec. 1, 1924.

Jas. A. Fleming."

The notice addressed to defendant Fleming and served upon him by Chase, the attorney for Williamson, is, in part, as follows:

"You will please take notice that the contract heretofore entered into on August 27, 1924, concerning the above property in which Maybelle K. Williamson agreed to sell to you the above described property upon your compliance with certain terms, has been and is hereby

cancelled, and the amount as paid in under said contract retained by Maybelle K. Williamson as liquidated damages, by reason of your default in the terms of said contract.

"This notice is effective as of today, and the above mentioned property will be dealt with in all respects as though said contract herein mentioned were not in existence."

It is not controverted that Fleming offered to pay the balance due to Williamson prior to the time she conveyed the property to the plaintiff. It is admitted that the plaintiff had full notice of the contract and the declaration of forfeiture and cancellation, before and at the time of the conveyance of said lots to it by Williamson.

It will be observed that the contract does not provide for forfeiture and none will be inferred. *Sharshel v. Smith,* 66 Colo. 375, 383, 181 Pac. 541.

The obligations of the contract were mutual and concurrent. As long as neither party makes any tender of the deed on the one hand, or of payment on the other, neither party is in default, and the contract subsists. *Hoagland v. Murray,* 53 Colo. 50, 53, 123 Pac. 664. Williamson did not demand payment and tender her quitclaim deed to defendant. She refused the offer of payment of the balance due, with interest, and then attempted to declare a forfeiture of the contract. This she could not do. The plaintiff having had full notice and knowledge of the agreement prior to the conveyance, stood in Williamson's shoes. The failure of defendant to pay on the day fixed in the contract or on the date designated in the extensions is not fatal to the defendant's rights, where the parties did not stipulate that time should be of the essence of the contract. Williamson's declaration of forfeiture and cancellation of the contract was without authority and of no effect. The decree of the district court requiring specific performance of the contract and decreeing to the plaintiff the

balance due, with interest, then in the registry of the court, was clearly right and cannot be disturbed.

The typewritten argument filed by the attorney for the plaintiff in error in this cause on the application for a supersedeas refers to the action of the trial judge in language grossly improper. Due regard for the proper respect to courts of justice and judicial officers forbids the preservation of such a brief in the files of this court, and the document will be stricken from the files, with the admonition to counsel that a repetition of such impropriety will be met by more drastic action by this court.

The application for a supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.