## No. 11,975.

### PIONEER STATE BANK *v.* HERRON.

Decided November 5, 1928.   Rehearing denied December 10, 1928.

Mr. ARTHUR E. RYMAN, for plaintiff in error.

Mr. HENRY HOWARD, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

Pauline Strelow Herron obtained a judgment quieting in her, as against the claims of The Pioneer State Bank, the title to her undivided one-eighth interest in certain lots in Argyle Park Addition, in Denver.

On March 17, 1917, Georgia A. Strelow, the owner, executed her promissory note, and secured the payment thereof by trust deed of the lots. The bank acquired the note. In 1918 Georgia A. Strelow died, leaving as her sole heirs at law her husband, Paul W. Strelow, and their four children, one of them being the plaintiff. One Snider became administrator of the estate. On May 6, 1925, default having been made in the payment of the note, the bank brought suit to foreclose the trust deed. The only defendant, other than the public trustee and a lien claimant, was Paul W. Strelow, the surviving husband. The bank neglected to make the children parties to the suit. The foreclosure decree ordered the lots sold to pay the indebtedness. At the sale, which was held April 6, 1926, the bank became the purchaser, having bid the full amount due, with interest and costs. On January 10, 1927, the sheriff executed and delivered a deed, purporting to convey the lots to the bank. On February 25, 1927, this suit was commenced.

1. The foreclosure decree and sale were valid as to Paul W. Strelow, and the sheriff's deed conveyed to the bank Strelow's interest—an undivided one-half interest —in the lots. But as the plaintiff and the other children were not parties to the suit, they were not bound by the decree, and the foreclosure sale and the sheriff's deed did not convey their interests. Those interests remained subject to the lien of the trust deed, and there remained in the children the right to obtain a release of the trust deed upon payment of the amount due.

2. But the plaintiff contends that as the bank, at the foreclosure sale, bid the entire amount of the debt, with interest and costs, surrendered the note and trust deed and accepted a certificate of purchase and later the sheriff's deed, the transaction constituted full payment of

the indebtedness. But the decree ordered the sale, not of Paul W. Strelow's undivided one-half interest only, but of the lots; the bank's bid, the certificate of purchase and the sheriff's deed were in express terms for the lots, not for Paul W. Strelow's undivided one-half interest only. It was the intention to order the sale of, and to sell, the entire interest formerly owned by Georgia A. Strelow; the sheriff intended to sell and convey, and supposed that he was selling and conveying, that interest; the bank bid for that interest, and supposed that it was acquiring it. Through a mistake of the bank's attorney in omitting to make the children parties to the foreclosure suit, the purpose of the foreclosure was frustrated to the extent of depriving the bank of the children's undivided one-half interest. Having paid for the whole interest, the bank received only one-half; one-half of the indebtedness, therefore, was paid; the other half remains unpaid, and to that extent the trust deed continues to be a lien upon the children's interest in the lots. The plaintiff is not entitled to a release of that lien without the payment of the amount due the bank; hence, she had no right to the judgment quieting her title. Instead of quieting title in the plaintiff, the decree should have been that the trust deed of the bank is a lien upon the plaintiff's interest to the extent indicated in this opinion. The purpose of this suit is to determine whether the bank has any claim to, or any interest or estate in, the property, and, if it has, the nature and extent thereof. Code, § 275; *Harrison v. Hodges,* 49 Colo. 105, 111 Pac. 706.

The judgment is reversed with directions to the district court: (1) To make a decree to the effect that the bank's trust deed is a lien upon the plaintiff's interest in the lots to secure the payment of the amount remaining due, which is one-half of the trust deed indebtedness, plus interest (as provided in the note) to the date of the decree, the amount to be stated in the decree; or, (2) To permit the bank to amend its pleading, make the neces-

sary parties parties to this suit, and proceed as in a foreclosure suit; provided that application for leave to take such course is made by the bank within a reasonable time to be fixed by the district court.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.