526 P.2d 1350 (1974)
CENTURY ENTERPRISES, INC., a Colorado corporation, Plaintiff-Appellee,
v.
William H. BUTLER, Defendant-Appellant,
v.
J. Vincent WHITE, Jr., a/k/a John V. White, Jr., et al., Intervenors-Appellants.
No. 74-015.
Colorado Court of Appeals, Div. I.
September 24, 1974.
Allen P. Mitchem, Cheryl Turk, Denver, for plaintiff-appellee.
Wyatt & Sommermeyer, Dave Williams, Fort Collins, for defendant-appellant.
March, March, Sullivan & Myatt, John-David Sullivan, Fort Collins, for intervenors-appellants.
Not Selected for Official Publication.
VAN CISE, Judge.
Century Enterprises, Inc. (Century) commenced this action in March of 1971 against Butler, praying for a decree allowing it to redeem certain property which Butler received by a foreclosure and sheriff's sale, and for other equitable relief. The Whites and the Gindlers (intervenors), as contract purchasers of the property from Butler, were allowed to intervene. From a decree recognizing Century's claim to a right of redemption and specifying a time and amount therefor, Butler and intervenors appeal. We reverse.
In 1962, Alex Blair, who then owned the property, contracted to sell it to Century. The price was $120,000, payable $2,750 *1351 down and the balance in annual installments of $1,000 principal plus interest at 5% per annum. In addition, Century was to make the payments as they became due on notes secured by first and second deeds of trust. The first deed of trust was for the benefit of one Hottel and the second for the benefit of defendant Butler. Payments of principal on these notes were to be applied to the unpaid balance of the purchase price. Title remained in Blair, but Century had the right to receive deeds to portions of the property upon making certain payments. Later in 1962, Century paid $10,000 on the principal, obtained a release of 40 acres of the property, and resold it for $15,000. In 1963, it made payments of interest and principal on the two notes. No other payments on either of the notes or on the balance of the purchase price were made by Century until after entry of the decree in the present lawsuit in 1973.
In October of 1965, because the note payments were delinquent, Butler commenced a court foreclosure action on his deed of trust (the foreclosure suit). He obtained a decree and, in November of 1966, the property was sold to Butler at sheriff's sale. In June of 1967, a sheriff's deed issued. Blair but not Century was made a party to the foreclosure suit, although Century's contract had been recorded. Century entered no appearance in the action, but it did have actual knowledge of the pendency of the suit before the sale.
In December of 1965, Blair sued Century (the Blair suit) to cancel or rescind the purchase and sale contract for Century's failure to make the required payments. Blair prevailed in the lower court, but the Colorado Supreme Court reversed in June of 1967. Century Enterprises, Inc. v. Alex Blair, 163 Colo. 197, 429 P.2d 291. That court held that this contract by its terms could not be terminated unless and until a sixty day notice of intent to cancel was served on the buyer, thereby allowing the buyer to cure any default during that period.
In June of 1967, one Lang, apparently an assignee of Blair's interest in the property, attempted by court action to set aside the sheriff's sale and deed to Butler (the Lang suit). Century was not a party to this action. On grounds of estoppel, Butler prevailed in the Lang suit. See Lang v. Butler, 483 P.2d 994 (Colo.App., 1971) (not selected for official publication).
In 1967, and again in 1971, Century corresponded with Butler's attorney concerning the contract and the amounts necessary to bring the contract to a current status. Nothing resulted therefrom, and Century commenced the present action.
On stipulated facts summarized above, the court concluded that, based on C.R.S. 1963, 118-9-2, Century, as a contract vendee, was an equitable owner of the property and, as such, had a right of redemption from the Butler foreclosure. Subsequently, Century deposited with the clerk of the district court $72,871.12, the amount determined by the court to be necessary for redemption.
The main issue on this appeal is what right, if any, Century had in the property as of the date of commencement of this action. By not cross-appealing, Century accepts the court's finding that its redemption does not affect its obligations under the contract. Butler and the intervenors contend (1) that Century has neither an equitable title nor a right of redemption, and (2) that, in any event, the payment of the amount for redemption was made too late and therefore Century's claims are barred. Century claims that it has a right of redemption, that by its payment it has redeemed, and that it is entitled to a certificate of redemption as provided for in the court decree.
We do not agree with the contentions of either party. On entering into the contract with Blair, Century, as vendee, had an equitable title and qualified as an "owner" under C.R.S.1963, 118-9-2. See Ross v. Brown, 72 Colo. 560, 212 P. 835. Butler concedes this, but claims that Century's equitable ownership expired prior to the 1965 *1352 foreclosure because of its failure to comply with the payment provisions of the contract, and therefore Butler's failure to join it as a party in the foreclosure action was of no consequence. However, our Supreme Court in the Blair suit (Century v. Blair, supra) refused, despite non-payments, to allow Blair to terminate Century's interest as vendee under this contract absent compliance by Blair with the notice requirements in the contract. Such notice has never been given.
Therefore, at the initiation of the foreclosure suit, Century still had an equitable title. It could have redeemed within the statutory period whether or not made a party to the suit. Had it been joined in the foreclosure action, Century would have had to redeem to avoid extinguishment of its interest in the property. Not having redeemed within that statutory period, Century no longer had a statutory right of redemption. Century not having been a party to the foreclosure suit and Butler having had at least constructive notice of Century's rights because of the recording of the contract (C.R.S.1963, 118-6-6 and 118-6-9; see also Ross v. Brown, supra), Century's contract rights, including its right to obtain legal title on payment of the purchase price, were not affected by the foreclosure decree and subsequent sheriff's sale. See Pioneer State Bank v. Herron, 84 Colo. 544, 272 P. 631. We therefore hold that Century retains its rights and obligations as vendee under the Blair-Century contract.
Inasmuch as Blair was a party to the foreclosure action who did not redeem from sale, the sheriff's deed conveyed to Butler, as purchaser at the foreclosure sale, all of Blair's interest subject to any outstanding liens or encumbrances not extinguished by the foreclosure action. Therefore, Butler, a purchaser held to knowledge of Century's interest under the contract, stands in the shoes of Blair with respect to the contract. See Walker Investment Co. v. Fleming, 79 Colo. 434, 246 P. 207; Mihoover v. Walker, 63 Colo. 22, 164 P. 504. Butler and his assignees have the rights as well as the obligationsthe rights to receive the balance of the purchase price, including the taxes paid and the amounts payable or paid on the Hottel and Butler deeds of trust plus interest thereon, or to terminate in compliance with the provisions of the agreement, and the obligations to deliver possession and to convey title on payment of the purchase price.
Because Century has no right to redeem, that portion of the decree specifying the time for redemption is of no effect and the amount paid into the clerk of the district court as and for redemption is the property of Century.
The judgment is reversed, and the cause is remanded to the district court for proceedings not inconsistent with this opinion.
SILVERSTEIN, C. J., and COYTE, J., concur.