[No. 3477.]

## Empire Ranch & Cattle Co. v. Howell.

1. EJECTMENT—*For Several Parcels of Land.* Distinct parcels of land may be recovered in one action, and it seems, may be demanded in a single count.

2. —— *Motion to Require Plaintiff to Elect.* Count in ejectment demanding several distinct parcels of land. Even if such joinder be re-

garded as improper a motion to require plaintiff to elect is inapt, and not justified by Sec. 76 of the Revised Code. The proper motion upon this supposition is to require plaintiff to state and number his causes of action.

3. PLEADINGS—*What Must Be Specially Pleaded.* Complaint in eject-ment. Answer, a general denial, and a second defense asserting title under conveyances, the particulars of which are not given. Replications specifically denying all the allegations of the answer. At the trial the defendant produces a tax deed. It seems that plaintiff is not to give in evidence the record of the tax sale upon which the deed was founded, thus showing its invalidity, not having pleaded the defects in which the invalidity consists.

4. LIMITATIONS—*Color of Title.* A treasurer's deed for lands sold for taxes is not color of title until recorded.

5. DEED OF TRUST—*Sale Under a Second Deed of Trust,* passes the title and is sufficient to sustain ejectment.

6. APPEALS—*Abstract.* Error manifest in the admission of the tax proceedings showing the invalidity of a tax deed. The deed is omitted from the bill of exceptions, and the particular lands described therein are not set forth in the abstract. Though the deed conveyed other lands than those demanded in the action, the court being unable to ascertain the particular lands affected by the error declined to modify the judg-ment as otherwise might have been done.

7. —— *Judgment—Error in Part—Modification.* A judgment annul-ling certain tax deeds modified, so as to exclude from its operation land described in the deeds and not involved in the action.

*Appeal from Yuma District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

CUNNINGHAM, Judge.

Appellee Howell, as plaintiff below, filed his complaint in ejectment June 10, 1907, alleging ownership in fee and right of possession, and charging that the defendant wrongfully withheld the possession of the land in dispute, comprising some ten quarter sections situate

in Yuma county. The answer consists of a general denial, and a second defense which admits possession, alleges ownership and vacancy, and pleads the seven-year statute of limitations. The replication specifically denies the allegations of the second defense.

1. A motion to elect was filed by the defendant and denied by the court. Error is assigned on the ruling of the trial court in this respect, and the discussion of the matter, in this case, consists of a reference to a brief filed by counsel for appellant in case No. 3480, *The Stephens-Wilmot Investment Company v. Howell.* In the brief in the last mentioned case counsel for appellant here, who was also for the appellant in that case, states that this motion raises a new question so far as the appellate courts of this state are concerned. No authorities are cited in support of the motion, and we might for that reason with propriety decline to pass upon the question raised, since it does not go to the fundamental rights of the parties. The argument of counsel is predicated entirely upon Section 76 of the Revised Code (1908), which provides that:

"In all cases it shall be necessary to state separately in the complaint the different causes for which the action is brought."

But appellant's motion was one asking that the court require the plaintiff to elect upon which cause of action he would stand. If the causes of action (granting that there was more than one cause of action stated in the single count) were improperly united, this vice could not be reached by a motion to require the plaintiff to elect upon which count he would stand, but could only have been reached by a motion to require the plaintiff to separately state and number his causes of action. The law encourages the owner to recover all the parcels of his land in one ejectment suit where such a course is prac-

ticable.—1 Enc. Pl. & Pr., 162; *Den v. Snowhill*, 13 N. J. Law, 23-26.

In the last named case it was ruled that the plaintiff in ejectment may recover, in one action, several distinct tracts claimed under different titles, if from all he has been unlawfully ejected by the same defendant, and this, too, where the parcels of land are situated at a distance from each other, not used together and in common as one farm. Therefore, granting that there were several causes of action, it would have been error on the part of the court to have required the plaintiff to abandon all of his causes of action except one. Hence the motion was properly denied. However, it does not necessarily follow, from the mere fact that the plaintiff sought to recover possession of several tracts of land, that there was more than one cause of action stated in the complaint, or that the complaint should have contained a separate count for each distinct tract of land.—31 Cyc., 119.

2. The appellant company, as defendants, below, relied wholly upon tax deeds. The earliest of these deeds had been of record less than seven years when the plaintiff began his action. Hence the seven year statute of limitations was unavailing, for reasons assigned by us in *Empire Ranch and Cattle Company v. Howell*, 22 Colo. App., 584; our number 3411, which need not be here repeated.

3. All of the tax deeds, as well as certain tax deeds made later and denominated correction tax deeds, introduced by the defendant in support of its title, have been examined by us with care, and with the exception of one deed, to which we will later call attention, they are clearly void on their face, under repeated decisions of this court and the supreme court of this state, hence the ruling of the trial court in excluding them was proper.

4. Plaintiff's title to the various tracts of land here involved was evidenced by trustee's deeds based upon foreclosures of second trust deeds (with the exception of two or three tracts which were based upon trustee's deeds emanating from the foreclosure of first trust deeds). The objections of appellant to plaintiff's titles that were based upon the foreclosure of the second trust deeds have been disposed of by us in the supplemental opinion in *Empire Ranch and Cattle Company v. Howell, supra,* where we held that such trustee's deeds were sufficient to maintain an action in ejectment.

5. The answer in this case consists of a general denial and a second defense admitting possession and alleging ownership under deeds severally conveying to the defendant the said several tracts of land. But the answer does not attempt to describe the character of the deeds in virtue of which the defendant alleges title. The replication consists of specific denials. Under this state of the pleadings, one tax deed seems to have been introduced by the defendant without objection. To overcome this deed, the plaintiff, by way of rebuttal, was allowed to introduce, over the objection of the defendant, certain official records of the county pertaining to the tax sale, which he contends, and which probably were fatally defective. The defendant insists that the plaintiff had no right, *without a special plea,* to introduce this official or record evidence for the purpose of defeating a tax deed *fair on its face,* and which had been admitted without objection. We are disposed to agree with the contention of the defendant in this behalf, and would be inclined to reverse or modify the judgment of the trial court, in so far as the particular tract of land involved in this action and conveyed by the tax deed thus admitted is concerned, but in the state of the record before us, we find it impossible to grant the defendant this relief.

The abstract refers to the tax deed in question (that is, the tax deed admitted without objection) as Exhibit 12, and states that this tax deed is recorded in Book 28 at page 406. The land in question is not described in the abstract, and Exhibit 12 seems to have been omitted entirely from the bill of exceptions. We are therefore unable to modify the decree of the trial court by excluding from its effect the particular tract of land which Exhibit 12 purports to convey, since we have no means of identifying the same. We have examined with care the briefs filed by both parties, with a hope that we might be enabled to discover what particular tract of land was embraced in Exhibit 12, but the briefs throw no light on this question.

6. It appears that certain of the tax deeds offered in evidence by the defendant embraced and purported to convey various tracts of land not involved in this action, and yet, notwithstanding this fact, the decree of the trial court attempts to cancel each and every of these tax deeds and to hold them wholly void at law. The judgment of the trial court must be modified in this respect, since the effect of that clause of the trial court's decree canceling the tax deeds held and offered in evidence by the defendant should not extend beyond the land involved in this action, and so far as the decree of the lower court is in conflict with the views we here now express, the same is modified.

The judgment of the trial court, as modified, will be affirmed.                                        *Affirmed.*

Decided November 11, A. D. 1912. Rehearing denied December 16, A. D. 1912.