[No. 3562.]

## EMPIRE RANCH & CATTLE CO. v. HOWELL.

1. TRUST DEED—*Recitals of Trustee's Deed*, are *prima facie* evidence of what is so recited.

2. LIMITATIONS—*Payment of Taxes.* A tax deed asserted as color of title was recorded April 22, 1891. Held, that the first payment of taxes to be counted, in support of a plea of the statute of limitations (Rev. Stat., sec. 4090), was that made in 1902 for the tax of 1901. The action having been commenced less than seven years subsequent to such payment, the plea of the statute was not sustained.

3. PLEADING—*What Must Be Specially Pleaded.* Where, in an action for possession of lands, defendant relies upon a tax deed as evidence, not having pleaded it, the plaintiff may, by the production of the record of the tax sale, show fatal defects in the proceeding, without pleading such defects in the reply.

What is said to the contrary in *Empire Co. v. Howell*, 23 Colo. App., 386, 128 Pac., 474, is to be limited to cases where a tax deed, valid upon its face, has been sufficiently pleaded.

4. APPEALS—*Harmless Error.* To receive affirmative evidence of the invalidity of a deed which is void upon its face is not prejudicial error.

*Appeal from Yuma District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

Morgan, J.

Appeal from a judgment for possession of a quarter-section of land. Appellant's contention, that the recitals in a trustee's deed introduced as part of plaintiff's chain of title are not *prima facie* evidence of the facts therein recited, has been determined against such contention in the recent case between the same parties, 23 Colo. App., 348, 129 Pac., 521, affirming a case between the same parties, 22 Colo. App., 389, 125 Pac., 593. The only other assignment of error discussed in appellant's brief necessary to be considered is that the lower court erred in holding that the proof made by the defendant in support of its plea of the seven years statute of limitations, §4090, Rev. Stat. 1908, was insufficient to support the plea. The defendant claimed color of title by reason of a tax deed, void upon its face, for reasons given in several cases recently decided between the same parties by this court. The deed was admitted as proof of color of title. The proof, chronologically stated, was that the taxes for 1900 were paid by the defendant April 2, 1901, and annually thereafter, including the taxes of 1907, paid in 1908; the tax deed was dated April 10, and recorded April 22, 1901. The first payment of taxes that can be counted under this statute was made in 1902, for the taxes of 1901. The action was commenced December 29, 1908, less than seven years after the first payment. In the case between the same parties, 22 Colo. App., 584, 599, 126 Pac., 1096, on rehearing, this court, through Cunningham, Judge, said:

"Taxes that have been assessed and which are due and payable at the time the color of title is taken cannot thereafter be paid and counted as one of the seven payments required by the statute, and that seven full years must elapse between the first payment of taxes on vacant and unoccupied land and the institution of the suit to recover the land," followed and cited in *Marks v. Morris,*

54 Colo., 186, 129 Pac., 828. It appears that seven full years did not intervene between the first payment of taxes duly and timely made after the recording of the deed, and the commencement of the action, under the foregoing decisions; hence, the facts did not sustain the plea.

Although not necessary to determine this appeal, another assignment will be considered, whereby appellant contends that, under a general denial in the replication, a plaintiff, in the code action, for possession of land, cannot introduce evidence attacking a tax deed, introduced by defendant, for defects not appearing on the face thereof. This contention is not without merit, where the defendant pleads a tax deed, fair on its face, to establish title in himself.—*Anderson v. Bartels,* 7 Colo., 256, 3 Pac., 225; *Schlageter v. Goode,* 30 Colo., 310, 70 Pac., 428; *Harrison v. Hodges,* 49 Colo., 105, 111 Pac., 706. In the last case cited, however, the supreme court held that, in the code action to quiet title, it is impossible to conceive how a defendant can plead the infirmities in a tax deed that is not pleaded by the plaintiff; and it would seem that, in the code action for possession of land, it would be no less impossible to conceive how a plaintiff could be expected to plead in a replication the defects leading up to the execution of a tax deed relied upon by defendant, where the defendant has not pleaded it in the answer. Insofar as it may have been intimated in the opinion in the case of *Empire Ranch & Cattle Co. v. Howell,* 23 Colo. App., 386, 128 Pac., 474, 475—that the plaintiff in that case could not introduce proof of the defects in the proceedings leading up to the issuance of the tax deed, fair on its face, relied upon by defendant— the court was led into error by the mistaken impression, no doubt, that the defendant had pleaded such a tax deed, without realizing that the answer of the defendant was a general denial only. The opinion in that case

should be limited to instances where a tax deed, valid on its face, has been sufficiently pleaded.

In the pending case, the defendant pleaded, in one of its defenses, a tax deed which was rejected when offered in evidence, because void on its face; and the appellant contends that it was reversible error to permit the introduction of further evidence to prove the invalidity of said deed. This might have been unnecessary, but not reversible, matter. As the deed was void on its face, it was properly excluded. It was insufficient upon which to base the statute of limitations pleaded in the fourth defense, §5733, Rev. Stat. 1908, and, as hereinbefore stated, it was insufficient upon which to base the plea of the seven years statute of limitations, on account of the lack of the necessary period of seven years between the first payment of taxes and the commencement of the action.

*Judgment Affirmed.*