## No. 11,825.

### SCHREIBER v. BENNETT.

Decided April 18, 1927.

Action to quiet title.   Judgment for plaintiff.

### Affirmed.

### On Application for Supersedeas.

1. PLEADING—*Quieting Title.*   In an action to quiet title to a number of city lots in which several defendants claiming an interest in all the lots were joined, one count was sufficient, and a demurrer for misjoinder and motion to separately state and number, held properly overruled.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. ORR & McGARRY, for plaintiff in error.

Mr. JOHN F. MAIL, for defendant in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

BENNETT sued Schreiber and a large number of other defendants to quiet title to certain Denver lots.   Schreiber moved to require plaintiff to separately state and number causes of action.   The motion was denied. Schreiber then demurred to the complaint on several grounds, which was overruled.   He elected to stand on his demurrer, brings the case here and asks for a supersedeas.

The ground of the motion was that "the complaint joins a large number of defendants and embodies a large number of city or town lots described therein, and that

they do not affect both plaintiff and all the defendants in the same character and capacity." The lots are numbered one to twenty-three, both inclusive, in McGills subdivision. One suit was enough. *Empire Co. v. Howell,* 23 Colo. App. 386, 128 Pac. 474. More would have been too many. This is an ordinary suit to quiet title under section 275 of the 1921 Code by a party in possession, and the complaint shows that defendants claim an interest in all of the lots. "In an equitable action to quiet the title to land, independently of statutory authority, all of the adverse claimants, whether by independent titles or not, should be joined as defendants, and every claimant to an opposing interest in the land is a necessary party defendant." 5 R. C. L. § 41, p. 669.

There is no modification of the above under the Code. The rule is too old and good to change. One count was sufficient.

The demurrer for misjoinder involved the same thing. To sustain it would be to encourage a multiplicity of suits.

Judgment affirmed.

Mr. Chief Justice Burke, Mr. Justice Campbell and Mr. Justice Butler concur.