513 P.2d 1355

**Margaret L. DAY, Appellant,**

**v.**

**M. L. DAY, Appellee.**

**No. I CA–CIV 1819.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 18, 1973.

Rehearing Denied Oct. 30, 1973.

Review Denied Dec. 4, 1973.

Cavness, De Rose, Senner & Rood by Marc C. Cavness, Phoenix, for appellant.

Ryley, Carlock & Ralston by Joseph P. Ralston and James D. O'Neil, Phoenix, for appellee.

## OPINION

OGG, Judge.

Plaintiff-appellant Margaret L. Day appeals from a judgment of divorce questioning the disposition of the property and the amounts awarded for alimony and attorney fees.

1. Did the Trial Court Abuse its Discretion in Awarding the Home Residence to the Defendant Dr. M. L. Day as His Sole and Separate Property?

The 666 page transcript of this case is filled with conflicting testimony. The main thrust of plaintiff's argument regarding the nature of the ownership of the home is based on her contention that the trial court should have believed and relied upon her evidence rather than the evidence presented by the defendant. The trial court's decision regarding the nature and division of the property should not be overturned unless there is such a lack of evidence that the appellate court can find an abuse of discretion. Nace v. Nace, 104 Ariz. 20, 448 P.2d 76 (1968); Davis v. Davis, 9 Ariz.App. 49, 449 P.2d 66 (1969).

All reasonable inferences must be taken in favor of sustaining the judgment and if there is any evidence to support the judgment it must be affirmed. Balon v. Hotel & Restaurant Supplies, Inc., 103 Ariz. 474, 445 P.2d 833 (1968);

Fleming v. Becker, 14 Ariz.App. 347, 483 P.2d 579 (1971). Under the conflicting testimony of this case we find no abuse of discretion.

2. Did the Trial Court Err in Failing to Award the Plaintiff Alimony?

At the time of this divorce the parties had been married 12 years; plaintiff was 46 years of age and the defendant was 63. Plaintiff was working as a medical secretary prior to marriage and there was some testimony that she was not readily employable. She was awarded various items of personal property and was paid a sum in excess of $32,000.00 by the defendant as a result of court orders in this case.

The question of alimony is left to the sound discretion of the trial court and it should not be awarded unless it is necessary for plaintiff's support and maintenance. DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966).

Under the facts of this case we find no abuse of discretion in the trial court's order refusing alimony.

3. Did the Trial Court Abuse its Discretion in the Awards Made for Attorney Fees and Costs?

Plaintiff contends the award of $500.00 pendente lite and the $1,250.00 award in the judgment were inadequate sums to compensate for plaintiff's attorney fees and costs incurred. The plaintiff also alleges that the court erred in refusing to grant plaintiff any attorney fees or costs for this appeal.

The matters of property division, alimony and attorney fees are so interrelated that the trial court must consider all these factors together in making a just determination of a party's rights. Nace v. Nace, supra. A trial court can properly consider an award of cash assets to the wife in exercising its discretion in determining whether she has sufficient assets to litigate the divorce action. Dyer v. Dyer, 92 Ariz. 49, 373 P.2d 360 (1962); Reich v. Reich, 13 Ariz.App. 98, 474 P.2d 457 (1970).

**474**

In a review of the entire record we cannot say there was an abuse of discretion by the trial court and the judgment is therefore affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.