544 P.2d 267

**James C. PERRY and Lee Perry, his wife, Appellants,**

v.

**SAFETY FEDERAL SAVINGS & LOAN ASSOCIATION OF KANSAS CITY, a corporation, Appellee.**

**No. 1 CA–CIV 2761.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 13, 1976.

Rehearing Denied Feb. 6, 1976.

Review Denied Feb. 24, 1976.

**444**

Renaud, Cook, Miller & Cordova, PA by Joseph B. Miller, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth, & Beshears, PC by Wilbert G. Anderson, Phoenix, for appellee.

## OPINION

OGG, Judge.

In this case we are called upon to decide the legal implications arising from the attempted transfer of redemption rights in a mortgage foreclosure action involving an original judgment that was vacated to correct an error in the amount of the judgment.

The appellee Safety Federal Savings and Loan Association of Kansas City, a corporation (Safety Federal), brought an action to foreclose a note and mortgage upon property owned by James and Beatriz Harvey (Harveys). In the prayer for relief in the complaint Safety Federal erroneously asked for $4,451.67 when the correct principal amount owed was $9,898.76. Safety Federal obtained a default judgment for the sum of $4,451.67, plus interest and costs. A sheriff's sale was conducted and the property was purchased by Safety Federal for the amount of the judgment. Appellants James C. Perry and Lee Perry, his wife (Perrys), having learned that this property had been sold at the sheriff's sale for approximately $5,000 less than the true value, paid the Harveys $100 for a deed to the property. On March 29, 1973, the Perrys, through their agents, presented the deed to the sheriff's office and attempted to redeem the property for $5,514.81 which represented the erroneous $4,451.67 principal plus interest and costs. At that time the attorney representing Safety Federal learned of the error in the judgment and started proceedings to vacate the original judgment and have it corrected. On the same day the trial judge granted the motion to vacate the judgment, the execution and the sheriff's sale. On March 30, 1973, Safety Federal, without amending its complaint, obtained an amended default judg-

ment in the sum of $9,898.76, the correct sum due on the note, plus interest, fees and costs.[1]

On May 2, 1973, Perrys filed motions to intervene, stay execution, vacate the amended judgment and reinstate the former judgment, execution and sheriff's sale. Perrys also sought an order that they be permitted to redeem for the amount of the original erroneous judgment. The court permitted Perrys to intervene and vacated the pending sheriff's sale on the amended judgment.

A formal trial was held and the judge, in denying all of Perrys' motions, found that "(1) the original judgment was founded upon an honest mistake and in the interest of equity the amended judgment should stand; and (2) that the attempted conveyance of the right of redemption from the defendants Harvey to appellants intervenors Perry was neither legally valid nor supported by adequate consideration." Perrys now appeal from this judgment. Two questions are presented for review:

1. Were the appellants Perry entitled to redeem the property for the amount of the first judgment?

2. Was the appellee Safety Federal entitled to have a corrected amended judgment entered?

It is our opinion that Perrys were not entitled to redeem the property by paying the erroneous sum called for in the first judgment.

The deed relied upon to transfer title from the Harveys to the Perrys was never acknowledged. § 33–401B, A.R.S., provides:

Every deed or conveyance of real property must be signed by the grantor and must be duly acknowledged before some officer authorized to take acknowledgments.

Perrys argue that the right of redemption as set out in § 12–1281, A.R.S. is purely a personal right that can be transferred without complying with real property transfer statutes.

In our opinion the right of redemption is a right in real property rather than a personal right. At a mortgage foreclosure sale the equitable title passes to the sheriff's sale purchaser with the legal title remaining in the judgment-debtor-mortgagor during the period of redemption. *First National Bank v. Maxey*, 34 Ariz. 438, 272 P. 641 (1928); *In Re Thomas J. Grosso Investment, Inc.*, 457 F.2d 168 (9th Cir. 1972).

§ 12–1281 sets out the pertinent parts of redemption as follows:

Property sold subject to redemption . . . may be redeemed by the following persons or by their successors in interest:

1. The judgment debtor or his successor in interest in the whole or any part of the property.

In the present case the Perrys did not become "successors in interest" within the meaning of the redemption statute since the Perrys did not acquire the interest of the judgment debtors Harvey in the mortgaged premises because of their failure to obtain a properly acknowledged deed in compliance with A.R.S. § 33–401B. Thus the Perrys were not entitled to redeem the property for the amount of the first judgment.

Perrys for their second question presented for review argue that it was error for the trial court to allow Safety Federal to amend the original judgment to correct the error. They reason that Safety Federal should be estopped from changing the original judgment and that equitable principles demand that the Perrys be allowed to re-

1. The Harveys could have objected to this procedural irregularity but they were not prejudiced in any way since the judgment precluded any deficiency against the Har-veys. The Harveys never contested that the correct amount of the principal owed was $9,898.76.

deem the property for the sum set forth in the first judgment.

■ Under the provisions of Rule 60c, Arizona Rules of Civil Procedure, 16 A.R.S., the court clearly had the authority to correct the mistake in the first judgment. The pertinent portion of Rule 60c reads:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) mistake . . .

■ Perrys' reliance upon equitable principles to bring about an equitable estoppel appears to be misplaced since they seek to take advantage of a known mistake in the hope of a substantial windfall profit.

The judgment of the trial court is affirmed.

HAIRE, C. J., Division 1, and DONOFRIO, P. J., concur.