660 P.2d 866

**FORTY–FOUR HUNDRED EAST BROADWAY COMPANY, Joseph Anzalone, Lavonne Anzalone, Cybil Albrecht, Executrix for the Estate of John Albrecht, James Powell, Hazelanna Powell, Paul Weiss, Elizabeth Weiss, Joseph Kohen, Margo Kohen, Stephen Landreth, Geraldine Landreth, Keyne Monson and Geraldine Monson, Defendants/Cross-Claimants/Appellants,**

v.

**4400 EAST BROADWAY and John Paye and Anne Paye, Defendants/Cross-Defendants/Appellees.**

**No. 2 CA–CIV 4508.**

Court of Appeals of Arizona, Division 2.

Dec. 1, 1982.

Rehearing Denied Feb. 4, 1983.

Review Denied March 15, 1983.

Rose & Kornhauser, P.C. by Samuel Kornhauser and M. Fred Rose, San Francisco, Cal., for defendants/cross-claimants/appellants.

Waterfall, Economidis, Caldwell & Hanshaw, P.C. by Robert L. Villamana and Steven M. Cox, Tucson, for defendants/cross-defendants/appellees.

OPINION

HOWARD, Chief Judge.

The sole issue in this appeal is who has the first right of redemption under A.R.S.

§ 12–1282—is it 4400 East Broadway Company, a limited partnership [Anzalone partnership] or 4400 East Broadway, a limited partnership [the Paye partnership] to which John Paye had transferred his interest in the subject property. The trial court ruled in favor of the Paye partnership and determined that it was a successor in interest to Anzalone for the purpose of redemption under the statute and that its right of redemption was superior to that of Anzalone. Anzalone brings this appeal contending that the trial court erred in its ruling that Paye's right of redemption was superior to that of Anzalone. We do not agree with Anzalone and affirm.

A brief summary of the pertinent facts is as follows. In 1976 the Anzalone partnership entered into an exchange agreement and contract of sale with John Paye. The agreement provided for the purchase of the property located at 4400 East Broadway in Tucson by Paye from the Anzalone partnership. New York Life Insurance Company was the holder of the first mortgage on the property but the contract did not provide for assumption of the mortgage of Paye. The parties contemplated assignment of Paye's interest in the agreement to a partnership in which he would be the general partner.

Paragraph 23 of the Exchange Agreement provided as follows for default by the vendee:

"Upon default by Paye under the terms of this Agreement, Partnership [Anzalone] shall give Paye notice of said default and Paye shall have twenty (20) days thereafter to cure said default. If such default is not cured, Partnership shall then have the right to pursue an action at law or suit in equity for the purpose of obtaining the legal or equitable relief available to Partnership, as if it were a mortgagor [sic] and the within Agreement created a mortgage interest in said real property. However nothing herein shall be deemed to create or constitute this Agreement a mortgage or other security device."

A short form of the Exchange Agreement was recorded in Pima County. Paye entered into possession of the property and in 1977 the property was transferred to the Paye partnership (a California limited partnership) as contemplated by the parties. At about the same time in 1977, New York Life instituted a foreclosure action in Pima County Superior Court. Although Paye was in default under the terms of the agreement, Anzalone had not availed itself of the contractual remedies for default.

On January 11, 1978, the Paye partnership filed a petition seeking relief under Chapter XII of the Bankruptcy Act in the United States District Court of California. On March 16, 1979, the Anzalone partnership filed its Proof of Claim with the bankruptcy court claiming the status of a secured creditor.

From 1978 until the middle of 1981, the issues of jurisdiction, ownership, and status of Paye and Anzalone as to the subject property were litigated and determined in the federal courts. The bankruptcy court determined: that the Exchange Agreement was a valid, binding and enforceable agreement which set forth the respective rights and interests of the parties in the subject real property; that the Paye partnership was the owner of the beneficial interest in the real property, and that Anzalone's interest in the real property was that of a secured creditor. The court applied the law of Arizona, i.e. the doctrine of equitable conversion, in ruling that Paye owned equitable title to the subject property and that Anzalone held no more than a bare legal title as trustee for Paye, to whom all beneficial interest had passed. Anzalone's rights were determined to be only those of a secured creditor. Since the agreement provided that the relationship of the parties inter sese was that of mortgagor and mortgagee, and Anzalone had not foreclosed Paye's interest by judicial action, the mortgagor (Paye) had a right to redeem the property within six months after its sale pursuant to a foreclosure judgment.

On appeal to the district court, the foregoing order of the bankruptcy court was

affirmed. An appeal taken by Anzalone to the Ninth Circuit Court of Appeals resulted in affirmance of the lower court rulings.

The foreclosure issue in the pending foreclosure action by New York Life went to trial without a jury on November 10, 1981.[1] The interests of all defendants in the subject property were foreclosed and a writ of execution issued. The court expressly found that the Paye partnership is the "successor in interest" to the Anzalone Partnership and that the Paye partnership is therefore entitled to redeem at any time within six months after the date of the Sheriff's Sale. The parties also stipulated that New York Life would not take a deficiency judgment. This brings us to the applicable law. Redemption after a foreclosure sale is governed by A.R.S. § 12–1281 et seq. which provides:

"Property sold subject to redemption, or any part sold separately, may be redeemed by the following persons or their successors in interest:

1. The judgment debtor or his successor in interest in the whole or any part of the property.

2. A creditor having a lien by judgment or mortgage on the property sold, or on some share or block thereof, subsequent to that on which the property was sold."

Under A.R.S. § 12–1282, the judgment debtor or his successor in interest has the first right of redemption and then lien creditors in the order of priority of their liens.[2]

As noted above, the federal courts have already determined the issue of ownership of the real property by applying the law of this state that the vendee under a binding contract for sale of realty is the owner and the vendor merely holds the legal title as personalty in trust for the vendee until the latter completes his performance. See e.g. *Cote v. A.J. Bayless Markets, Inc.,* 128 Ariz. 438, 626 P.2d 602 (App.1981). The federal courts rejected

Anzalone's claim of ownership and determined that Anzalone was a secured creditor. These issues having already been litigated between Paye and Anzalone, the orders of the bankruptcy court which had become final were entitled to full faith and credit in the trial court here and the doctrine of res judicata prevents the readjudication of the issues litigated between Anzalone and Paye in the bankruptcy proceedings. *Levy v. Cohen,* 19 Cal.3d 165, 137 Cal.Rptr. 162, 561 P.2d 252 (1977), cert. den. 434 U.S. 833, 98 S.Ct. 119, 54 L.Ed.2d 94; *State v. Superior Court for King County,* 173 Wash. 679, 24 P.2d 117 (1933).

A successor in interest has been defined as the one who has acquired or succeeded to the interest of the judgment debtor in the property, subject of course to the effect of the judgment and sale. *Call v. Thunderbird Mortgage Co.,* 58 Cal.2d 542, 25 Cal.Rptr. 265, 375 P.2d 169 (1962). The purpose of the statutory right of redemption for a successor in interest is to protect his interest as owner of the property in question. *Call v. Thunderbird Mortgage Co.,* supra. A vendee such as Paye who has equitable title qualifies as an owner and has a right to redeem. *Century Enterprises, Inc. v. Butler,* 526 P.2d 1350 (Colo.App. 1974). Despite the fact that Paye was in default at the time of foreclosure, it was still the owner as its interest had not been terminated by Anzalone. *Century Enterprises, Inc. v. Butler,* supra.

We hold that the trial court did not err in ruling that the Paye partnership was a "successor in interest" for purposes of redemption under A.R.S. § 12–1282(B). Anzalone's reliance on the cases of *Wayt v. Wayt,* 123 Ariz. 444, 600 P.2d 748 (1979) and *Perry v. Safety Federal Savings & Loan Association of Kansas City,* 25 Ariz.App. 443, 544 P.2d 267 (App.1976) is misplaced. In *Perry,* Division One of this court held that the Perrys did not become successors in interest within the meaning of the redemp-

1. The issues relating to foreclosure of the mortgage was previously severed from the issues relating to the cross-claims among the defendants, as to which separate trials were ordered.

2. In the instant case, the judgment provides that Lawyer's Title has a superior right of redemption since its lien preceded the Anzalone lien.

tion statute because of their failure to obtain a properly acknowledged deed conveying the right of redemption of the judgment debtors as to the mortgaged premises. In the case at bench, Anzalone no longer had a right in real property; it merely had a lien on the real property for payment of the purchase money due under the contract for sale. The *Wayt* case does hold that execution of a contract for the sale of realty does not accomplish "acquisition" of property as contemplated by A.R.S. § 25–318 which requires acquisition of legal title.[3] We reject Anzalone's contention that acquisition of both legal title and equitable title is required to constitute one a "successor in interest" for purposes of redemption.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.

3. The statute concerns the power of the court to dispose of property in a proceeding for divorce or legal separation.