OPINION
HOWARD, Chief Judge.
This is an appeal and cross-appeal from a summary judgment. Appellants, the Anzalone Partnership, owned an office building in Tucson, located at 4400 East Broadway. The New York Life Insurance Company (NYL) held a mortgage on the building. In November 1976 the Anzalone Partnership was in default in its payments in the approximate sum of $200,000 because the building was producing a negative cash flow and NYL accelerated the balance due.
John Paye and his group of investors, the Paye Partnership, expecting to obtain a modification of the loan, bought the building from the Anzalone Partnership via an exchange agreement and contract for sale, bringing the mortgage up to date by paying NYL $200,000.
The Paye Partnership was unable to obtain the expected loan modification and fell behind in the payments to NYL and the Anzalone Partnership. The Paye Partnership then filed for bankruptcy in federal court. The Anzalone Partnership, which had a lien as a secured creditor in the approximate sum of $600,000, filed a creditor’s claim in the bankruptcy proceedings for $4,200,000 which was the approximate value of the entire property at the time. These claims developed into a reclamation proceeding in the bankruptcy court. NYL filed a suit to foreclose its mortgage in Pima County Superior Court naming appellants and appellees, the Anzalone Partnership and the Paye Partnership, as defendants.
After various hearings before the referee in bankruptcy and the federal district court, it was determined that the Paye Partnership was the beneficial owner of the property, that the Anzalone Partnership was merely a secured creditor in the principal sum of $600,045.24 plus interest. The orders and judgment of the bankruptcy court and district court were appealed by the Anzalone Partnership to the United States Court of Appeals for the Ninth Circuit which affirmed the lower court rulings. In the case of Forty-four Hundred East Broadway Company v. 4400 East Broadway, 135 Ariz. 265, 660 P.2d 866 (App.1982) we held that the bankruptcy court decisions were entitled to full faith and credit and that the doctrine of res judicata prevented readjudication of the issues litigated in the bankruptcy proceedings.
While the bankruptcy court action and appeals therefrom were proceeding, the Anzalone Partnership filed in the Pima County Superior Court foreclosure action a cross-claim against John Paye, and Paye in the Paye Partnership. The cross-claim consisted of nine substantive counts and a tenth count requesting attorney’s fees. Paye filed a cross-claim against the Anzalone Partnership, seeking reimbursement of his attorney’s fees.
On motion of the plaintiff, NYL, the trial court ordered the cross-claims between Anzalone and Paye bifurcated from the foreclosure claim and order and, over the objection of the Anzalone Partnership, ordered the trial of the foreclosure claims to take place first with the trial of the cross-claims to occur shortly thereafter.
The Paye Partnership then filed a motion for summary judgment. The Anzalone Partnership responded by filing its own motion for summary judgment. Prior to any decision on these motions, the trial was held on the NYL foreclosure claim. The *501 Paye Partnership stipulated that judgment could be entered in favor of NYL for foreclosure of the mortgage. The Anzalone Partnership fought the foreclosure action to the bitter end, but lost.
There was more discovery on the cross-claims between the parties and after Paye’s motion for summary judgment was supplemented, the trial court granted it in favor of Paye and against the Anzalone Partnership on the nine substantive counts. The trial court also granted the Anzalone Partnership’s motion for summary judgment on Count Ten, against John Paye only, for attorney’s fees in the sum of $250,000 plus court costs in the sum of $36,612.58. All other counterclaims were denied.
The Anzalone Partnership contends (1) summary judgment should not have been granted because its substantive claims against John and Anne Paye were not barred by the doctrine of res judicata; (2) the trial court erred in refusing to grant to them additional attorney’s fees and costs; (3) the court erred in awarding judgment for attorney’s fees and costs only as against John Paye and (4) the trial court erred when it bifurcated the foreclosure action from the cross-claims. We affirm.
The Anzalone Partnership in the reclamation proceedings in the bankruptcy court contended that the court had no jurisdiction over the property because it was the owner and not the Paye Partnership and it asked for its return. It based its contention on allegations of breach of contract, fraudulent contracting, bad faith, abusive bankruptcy proceedings, criminal conduct, breach of fiduciary duties, scheme, rescission, forfeiture and restitution. Appellant’s contention that the bankruptcy court specifically declined to consider the matters in their cross-claim is unsupported by the record and by law. A person claiming a right to property in the' custody and control of the bankruptcy court may present his claim to the court by filing a petition for reclamation asking for the delivery of the possession of property. Allen v. Lokey, 307 F.2d 353 (5th Cir.1962). The bankruptcy court has exclusive jurisdiction to determine all adverse or conflicting claims of interest in or title to- the property in the custody and control of the bankruptcy court in reclamation proceedings. Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); 8A C.J.S. Bankruptcy § 264(3). The court may adjudicate all controversies between the trustee and adverse claimants as to the title and possession of property in the possession of the bankrupt when the petition in bankruptcy was filed. Harris v. Avery Brundage Co., Inc., In re Tax Service Ass’n of Illinois, 305 U.S. 160, 59 S.Ct. 131, 83 L.Ed. 100 (1938). The bankruptcy court held against the Anzalone Partnership on all of these issues when it found that the Paye Partnership was the beneficial owner and that the Anzalone Partnership had merely bare legal title. The substantive counts which the Anzalone Partnership asserted in its cross-claim are based upon the very same allegations as those in the bankruptcy court. The doctrine of res judicata applies as to the Paye Partnership (4400 East Broadway) and John Paye, a member of the partnership. See Forty-four Hundred East Broadway Company v. 4400 East Broadway, supra, and see Levy v. Cohen, 19 Cal.3d 165, 137 Cal.Rptr. 162, 561 P.2d 252 (1977). Assuming arguendo that Mrs. Paye was not a privy to the bankruptcy proceedings, the doctrine of collateral estoppel applies here, see Food for Health Co., Inc. v. 3839 Joint Venture, 129 Ariz. 103, 628 P.2d 986 (App. 1981) and the Anzalone Partnership cannot relitigate these issues.
In addition, the trial court was correct in granting summary judgment on the substantive claims since the deposition and affidavit of John Paye together with the documentary evidence showed that the cross-defendants were not guilty of any fraud, bad faith, or unfair dealing and were entitled to judgment as a matter of law. Not one single thing was presented by appellants to the trial court to contradict John Paye’s testimony. It was incumbent upon the Anzalone Partnership to come forward with specific facts to show a genu *502 ine issue for trial. MacConnell v. Mitten, 131 Ariz. 22, 638 P.2d 689 (1981). A party resisting a motion for summary judgment cannot simply rely on his pleadings to meet his burden of coming forward with a showing that there is competent evidence so as to create an issue for trial. Berry v. Robotka, 9 Ariz.App. 461, 453 P.2d 972 (1969). The judgment of the trial court does not disclose upon what reason it granted the summary judgment, but the record clearly shows that summary judgment was appropriate.
Appellants next contend that the trial court erred when it bifurcated the trial and allowed the foreclosure prior to any determination of its cross-claims. It contends that if the Anzalone Partnership would have been allowed to establish its cross-claims first, then the lower court’s determination with regard to redemption rights would of necessity been in Anzalone’s favor since it would have been able to establish the Paye had no interest in the property because of Paye’s fraud in the inducement. This contention is totally devoid of any merit. At no time has the Anzalone Partnership been able to establish any fraud. It has made naked assertions but has never been able to show any evidence of fraud either in the bankruptcy court or the trial court. If the trial court did commit error in having the foreclosure trial first, the Anzalone Partnership has shown absolutely no prejudice.
The trial court awarded the Anzalone Partnership attorney’s fees in the sum of $250,000. Appellants claim that the sum is not enough and that the trial court erred in not awarding them attorney’s fees for the work that was done from April 7, 1982, to December 2, 1982. We do not agree. First of all, the only claim that was submitted was for attorney’s fees from April 5, 1982 to September 30, 1982. The original form of judgment filed with the trial court set forth attorney’s fees in the sum of $250,000. The trial court in its minute entry of October 15, 1982, refused to change the amount of attorney’s fees, but it did order appellees to amend the proposed judgment to read that the attorney’s fees to date, that is October 15, 1982, to be awarded to the Anzalone Partnership would be $250,000. It is clear from the minute entry of the trial court that it believed that the sum of $250,000 adequately compensated the Anzalone Partnership for all the work that was done by their attorneys up to October 15, 1982. We cannot say that the trial court abused its discretion in so holding.
The Anzalone Partnership claims that the trial court erred when it did not hold Anne Paye and the community property jointly liable for the attorney’s fees and costs awarded to them. Because the entire judgment has been paid to the Anzalone Partnership since entry of the judgment below, the issue is moot and we need not decide it.
In its cross-appeal, the Paye Partnership contends that the trial court erred in awarding the Anzalone Partnership the sum of $250,000 for attorney’s fees and its costs since a great amount of the attorney’s fees incurred did not come under the provisions for attorney’s fees as found in the exchange agreement between the parties and because most of the time was spent on unsuccessful issues or claims. See Schweiger v. China Doll Restaurant, Inc. et al., 138 Ariz. 183, 673 P.2d 927 (1983) and Associated Indemnity Cory. v. Warner, (1 CA-CIV 6011, filed July 28, 1983). Since the judgment for attorney’s fees has already been paid by someone else, when the property was redeemed after a sheriff’s sale, the issue is moot and we shall not decide it.
Paragraph 25 of the exchange agreement states:
“Should any litigation be commenced between the parties hereto concerning the property or this Contract, or the rights and duties of either in relation thereto, the prevailing party in such litigation shall be entitled, in addition to such other relief as may be granted, to a reasonable sum for his attorney’s fees and costs in such litigation which shall be *503 determined by the Court in such litigation or in a separate action brought for that purpose.”
The Paye Partnership claims that it was the successful party on the cross-claims and therefore should have been awarded its attorney’s fees. We do not agree. Both parties filed cross-claims against each other. The Paye Partnership did not prevail on any of its cross-claims. The Anzalone Partnership prevailed on one claim, its claim for indemnification for attorney’s fees pursuant to the exchange agreement. Under the judgment rule, see Trollope v. Koerner, 21 Ariz.App. 43, 515 P.2d 340 (1973), the Anzalone Partnership was “the prevailing party” or, as used in Trollope v. Koerner, supra, the “successful party”, and not the Paye Partnership.
Affirmed.
HATHAWAY and BIRDSALL, JJ., concur.