**Gordon H. BECKHART,
Plaintiff–Appellant,**

**v.**

**HTS PROPERTIES, LLC, a Washington
limited liability company,
Defendant–Appellee.**

**No. 97CA1143.**

Colorado Court of Appeals,
Div. V.

Nov. 27, 1998.

Rehearing Denied Jan. 28, 1999.

Certiorari Denied July 12, 1999.

Kleinsmith & Associates, Philip M. Kleinsmith, Colorado Springs, Colorado, for Plaintiff–Appellant.

Burns, Wall, Smith & Mueller, P.C., Robert T. Cosgrove, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge BRIGGS.

In this proceeding concerning the right of redemption, plaintiff, Gordon H. Beckhart

(claimant), appeals the summary judgment in favor of defendant, HTS Properties, LLC (lender). He contends, among other things, that the trial court erred in concluding that the statutory right of redemption cannot be severed and transferred separate from the property interest to which it is attached. We affirm.

The lender held a deed of trust encumbering an apartment complex. When the debtor defaulted on the loan, the lender initiated a foreclosure on the property, bid the full amount of the outstanding debt, and received a certificate of purchase from the public trustee. The debtor made no attempt to redeem.

Three tenants in the building filed notices of intent to redeem. On the same day, each assigned the right to redeem to claimant for $10. Claimant then filed an assignment of right of redemption for each tenant. The assignments purported to convey to claimant only the redemption rights of the three tenants, who retained all other rights and obligations under their leases.

Upon learning of the assignments, lender transmitted a letter to both claimant and the public trustee, stating that it refused to recognize the rights asserted by claimant. Lender stated its belief that redemption rights could not be severed and conveyed separately from the underlying leaseholds. As a result of the dispute between lender and claimant, another lender refused claimant's request for a loan to purchase the property through the assigned rights of redemption. Claimant then filed this action, and the parties agreed to resolve the issues involved with cross-motions for summary judgment.

The trial court granted summary judgment in favor of lender. It concluded that the statutory right of redemption could not be transferred, separate from the underlying property interest, to a stranger to the foreclosure process.

■ Claimant contends that nothing in the statutory scheme precludes the assignment of a statutory right of redemption and that, as a matter of public policy, we should construe the applicable statutes to recognize such a right. We are not persuaded.

As provided in §38–38–302(1), C.R.S.1998, the owner or any other person liable after foreclosure for a deficiency may redeem the property by paying the public trustee the sum for which the property was sold, with interest, together with any taxes paid and other proper charges. If no redemption is made pursuant to §38–38–302(1), the lienor having the senior lien may redeem within the next ten days. Each subsequent lienor, in succession, has a five-day period in which to redeem, in the order of the priority of the liens. *See* §38–38–303(1), C.R.S.1998.

Under §38–38–305, C.R.S.1998, a lessee is considered a lienor, without a lien amount. A lessee is subject to the same requirements as other lienors. If a subsequent lienor redeems from the redemption of a lessee, the subsequent lienor acquires the property subject to the lease.

■ Other states with similar statutes have uniformly concluded that the statutory right of redemption may not be assigned separate from the underlying lease or other interest in the real property. The reasoning is that the statutory language expressly refers only to those who hold interests in the real property. Further, permitting such an assignment could create uncertainty in dealing with the property. Finally, the statutory goal of encouraging full value bidding at the foreclosure sale would be undermined if speculators could avoid the sale and instead purchase redemption rights for a nominal price, as occurred here. *See Perry v. Safety Federal Savings & Loan Ass'n*, 25 Ariz.App. 443, 544 P.2d 267 (Ariz.App.1976); *Hieb v. Mitchell*, 117 Idaho 1075, 793 P.2d 1247 (Idaho 1990); *Central Life Assurance Society v. Spangler*, 204 Iowa 995, 216 N.W. 116 (Iowa 1927); *Fidelity Mutual Savings Bank v. Mark*, 112 Wash.2d 47, 767 P.2d 1382 (Wash. 1989). *See generally* 5 R. Powell, *Powell on Real Property* §38.09[3], 38–58 (1998); 12 D. Thomas, *Thompson On Real Property* §101.07(c)(1) (1994). *Cf. Dominex, Inc. v. Key*, 456 So.2d 1047 (Ala.1984)(assignment of right to redeem expressly provided by statute).

■ We find this reasoning persuasive. Therefore, we agree with the trial court that

our statutory scheme does not permit the right of redemption to be severed from the property interest it serves.

In light of our conclusion, it is unnecessary to address claimant's other contention.

Judgment affirmed.

Judge MARQUEZ and Judge TAUBMAN, concur.