833 So.2d 825 (2002)
MARTIN PROPERTIES, INC., an Illinois corporation, Appellant,
v.
FLORIDA INDUSTRIES INVESTMENT CORPORATION, Indian River Farms, Inc. and VOSR Industries, Inc., Appellees.
No. 4D02-342.
District Court of Appeal of Florida, Fourth District.
December 11, 2002.
Rehearing Denied January 13, 2003.
*826 Catherine M. Masters of Schiff, Hardin & Waite, Chicago, IL, Nicole Finitzo and Nathan A. Engel of Schiff, Hardin & Waite, Lake Forest, IL and Alan S. Polackwich, Sr. of Clem, Polackwich, Vocelle & Berg, LLP, Vero Beach, for appellant.
William G. Osborne of William G. Osborne, P.A., Orlando, for appellees Florida Industries Investment Corporation and Indian River Farms, Inc.
David H. Simmons and Julie Hions O'Kane of de Beaubien, Knight, Simmons, Mantzaris & Neal, LLP, Orlando, for appellee VOSR Industries, Inc.
KLEIN, J.
Appellant Martin Properties (MPI) appeals an order denying it standing to challenge an assignment of the equity of redemption involving property on which MPI had been the high bidder at a mortgage foreclosure sale. We reverse.
Florida Industries Investment Corporation (FIIC) owned land subject to several mortgages. After the property went into foreclosure, FIIC contacted MPI, a lender, for assistance in saving the property. The parties negotiated but did not consummate a loan prior to the foreclosure sale.
MPI, however, did bid at the foreclosure sale and was the high bidder at $1,570,000. It paid that amount to the clerk who disbursed the funds to the lienors. FIIC then objected to the clerk issuing a certificate of title, alleging that MPI had committed a fraud by taking the property for itself. FIIC claimed that MPI and FIIC had agreed that another entity, Indian River Farms, was to be the purchaser at the foreclosure sale using funds loaned by MPI.
The court overruled FIIC's objections to the sale, and FIIC then purported to assign its equitable right of redemption to VOSR Industries (VOSR). VOSR attempted to exercise that right by tendering the full amount due to the clerk which the clerk rejected.
At that point FIIC and Indian River Farms appealed the order overruling their objection to the foreclosure sale. We held *827 on that appeal that the foreclosure sale was proper, but remanded for the trial court to determine if MPI had standing to contest the validity of the assignment of the right of redemption and if the assignment was valid. Indian River Farms v. YBF Partners, 777 So.2d 1096 (Fla. 4th DCA 2001).
On remand the trial court ruled as a matter of law that MPI did not have standing. Because there was no other party contesting the assignment, the court ruled, based on stipulated facts, that the assignment was valid, and that VOSR was entitled to redeem.[1]
FIIC urges us to affirm the trial court's holding that MPI had no standing to challenge the validity of the assignment because MPI was neither a party to it nor a third party beneficiary of it. That, however, is not the test. In General Development Corp. v. Kirk, 251 So.2d 284, 286 (Fla. 2d DCA 1971), the court explained:
Standing is, in the final analysis, that sufficient interest in the outcome of litigation which will warrant the court's entertaining it. It is beyond doubt that standing is, in most states, no longer determined by first determining some abstract question such as "privity."
If, in the present case, the assignment of the equity of redemption was not valid, MPI, as the successful bidder at the foreclosure sale, will own the property. This is sufficient to give MPI standing.
As to the merits, MPI argues that the assignment is not valid because it was not signed in the presence of two subscribing witnesses as is required by section 689.01, Florida Statutes (1999), our land conveyance statute. While there are no Florida cases addressing whether the equity of redemption is an interest in land covered by section 689.01, MPI has cited authority from other jurisdictions which support its argument. Fidelity Mut. Sav. Bank v. Mark, 112 Wash.2d 47, 767 P.2d 1382 (1989); Perry v. Safety Fed. Sav. & Loan Ass'n of Kansas City, 25 Ariz.App. 443, 544 P.2d 267 (1976).
Appellees argue that witnesses were present and observed the execution of the assignment by FIIC, even though the witnesses did not sign as attesting witnesses until months later. They cite Medina v. Orange County, 147 So.2d 556 (Fla. 2d DCA 1962), in which the court held that a deed was valid even though one of the subscribing witnesses did not sign until after the deed was delivered and recorded, and other authorities.
Because the trial court found MPI had no standing, it did not reach either the legal or factual issues involving the assignment and, consistent with our prior opinion, we reverse for resolution of those as well as other issues raised by the parties which were not addressed by the trial court.
Finally MPI argues that in determining the amount VOSR would have to pay to redeem, the court erred in not requiring VOSR to pay interest on the amount MPI paid in at the 1999 foreclosure sale. The funds paid by MPI at the foreclosure sale were disbursed to the *828 lenders on the various mortgages. When VOSR attempted to exercise the equity of redemption, it tendered the proper amount, but the clerk of the court refused to accept it.
Our redemption statute, section 45.0315, Florida Statutes (1999), requires the tender to include the "reasonable expense of proceeding to foreclosure" and we stated in the prior appeal that payment of the "debt, interest and costs" is necessary to exercise the right of redemption. Indian River Farms, 777 So.2d at 1099. We also pointed out that when VOSR tendered its payment to the clerk in order to exercise the right of redemption, the clerk of the court erred in failing to accept the tender. Id. at 1100.
VOSR recognizes that the statute requires interest to be paid up to the time of tender, but argues that this only means a tender which occurs shortly after the foreclosure sale, not a tender which is delayed by litigation. We disagree. The intent we glean from this statute is that the successful bidder at the foreclosure sale, where there is a redemption, should be made whole to the extent reasonably possible.
As we noted earlier, VOSR tendered the proper amount necessary to redeem in 1999, but the clerk erroneously rejected it. If the clerk had accepted it, MPI would have been reimbursed and would not have suffered the loss of use of the money. This property is obviously more valuable than the amount of redemption, and we see no reason why, under the facts in this case, the party who becomes the owner should not bear the carrying costs.
We accordingly hold that if the trial court finds VOSR is entitled to redeem, the amount necessary to redeem should include interest at the statutory rate on the funds paid by MPI from the date the funds were paid in 1999 to the date of redemption.
Reversed.
STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] MPI did not appeal the order holding that it did not have standing to challenge the assignment, and waited to raise that issue by appealing the subsequent order determining the validity of the assignment and the amount necessary to redeem. Appellees have moved to dismiss the appeal on the ground that MPI should have appealed the order on standing; however, we have concluded that because MPI still had an interest in the amount necessary to redeem, as that would affect how much MPI would be refunded from what it paid as the successful bidder at the foreclosure sale, the order on standing was not final. Appellees' motion to dismiss the appeal is therefore denied.