NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JOHNNY JOHNSON and ANNA JOHNSON, husband and wife;
THE ESTATE OF RUDY JOHNSON and DIANA JOHNSON,
*Plaintiffs/Appellants*,

*v.*

STEVE MATTHEWS and COLLEEN MATTHEWS, husband and wife;
MATTHEWS, GOLD, KENNEDY & SNOW, INC., an Arizona
corporation; LESLIE A. PLATTNER and RHONDA PLATTNER,
husband and wife; and PLATTNER, SCHNEIDMAN & SCHNEIDER
P.C., an Arizona professional corporation,
*Defendants/Appellees*.

No. 1 CA-CV 15-0369
FILED 5-31-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2012-015219
The Honorable Patricia Starr, Judge

**AFFIRMED**

---

COUNSEL

Maynard Cronin Erickson Curran & Reiter, PLC, Phoenix
By Daniel D. Maynard
*Counsel for Plaintiffs/Appellants*

Burch & Cracchiolo, PA, Phoenix
By Edwin D. Fleming, Melissa Iyer Julian
*Counsel for Defendants/Appellees Matthews*

Goldman & Zwillinger PLLC, Scottsdale
By Scott H. Zwillinger, Scott Griffiths
*Counsel for Defendants/Appellees Plattner*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Randall M. Howe and Judge Andrew W. Gould joined.

---

**J O H N S E N**, Judge:

**¶1** Johnny Johnson, Anna Johnson, Diana Johnson and the Estate of Rudy Johnson (collectively, "the Johnsons") challenge the superior court's entry of summary judgment dismissing their claims against actuaries and attorneys alleging damage caused to a pension plan maintained for employees of Bill Johnson's Restaurant, Inc. ("BJR"). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** The Johnsons are shareholders of BJR and beneficiaries of BJR's pension plan. BJR filed for Chapter 11 bankruptcy protection in 2011. About a year later, while the bankruptcy case was pending, the Johnsons sued Steve Matthews and his firm of actuaries, Matthews, Gold, Kennedy & Snow; and Leslie A. Plattner and her law firm, Plattner, Schneidman & Schneider, in superior court ("First State Court Complaint"). The Johnsons alleged the defendants were liable for negligence, breach of fiduciary duty and fraud that caused harm to the BJR Pension Plan.

**¶3** The bankruptcy court confirmed a proposed reorganization plan for BJR on May 1, 2013. The plan established a trust (the "CT Trust") that would receive, among other assets, BJR's causes of action against all "Former Professionals" for BJR. The plan defined "Former Professionals" to include, by name, the various defendants in the First State Court Complaint. Two days later, BJR filed an adversary complaint against the Matthews and Plattner parties and others in the bankruptcy case. BJR later amended its adversary complaint to add CT Trust as a plaintiff.

**¶4** Some two months later, Rudy and Johnny Johnson filed another superior court complaint (the "Second State Court Complaint"). The defendants named in the Second State Court Complaint are not parties to this appeal. The Second State Court Complaint alleged some facts

2

relating to the termination of the Pension Plan, but primarily alleged wrongdoing that caused damage to BJR.

¶5        BJR and CT Trust then moved the bankruptcy court to stay the First and Second State Court Complaints, arguing the state-court cases overlapped and interfered with the adversary complaint.  BJR and CT Trust also asked the bankruptcy court to permanently enjoin the Johnsons from pursuing their claims, alleging that the Johnsons were trying to "circumvent the [reorganization] Plan."

¶6        The bankruptcy court issued a Memorandum Decision granting the motion, holding that the Johnsons, as equity holders in BJR, were bound by the terms of BJR's reorganization plan.  The bankruptcy court specifically addressed the Johnsons' claims in the First State Court Complaint and ruled that all of them are the property of the CT Trust.  The court held that its order confirming the plan barred the Johnsons "from bringing their claims against former professionals and shareholders, except for the claim of emotional distress that is asserted in the Second State Court Complaint."[1]   The bankruptcy court then issued a follow-up order (the "Clarifying Order") stating that:

> as a result of the Order of Confirmation, Rudy Johnson and Johnny Johnson are barred from bringing their claims against former professionals . . . of the Debtor, except for the claim of emotional distress, which is stayed . . . .

¶7        The Johnsons appealed the Memorandum Decision to federal district court.  They later dismissed their appeal, explaining the parties had "reached an agreement in this matter."  The district court dismissed the appeal with prejudice without reaching the merits.

¶8        Shortly thereafter, the defendants in the First State Court Complaint moved for summary judgment, arguing the court should accord full faith and credit to the bankruptcy court's Memorandum Decision and Clarifying Order.  The superior court granted the motion.  The Johnsons timely appealed; we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016). [2]

---

[1]        The Johnsons' emotional distress claim is not at issue in this appeal.

[2]        Absent material revision after the relevant date, we cite a statute's current version.

**DISCUSSION**

**¶9**         In reviewing a grant of summary judgment based on undisputed facts, we determine whether the superior court correctly applied the substantive law to those facts. *Mitchell v. Gamble*, 207 Ariz. 364, 368, ¶ 8 (App. 2004).

**¶10**         A bankruptcy court's final order generally is entitled to full faith and credit, and parties may not use a state court to re-litigate the merits of such an order. *Forty-Four Hundred E. Broadway Co. v. 4400 E. Broadway*, 135 Ariz. 265, 267 (App. 1982). As noted above, the bankruptcy court ruled that BJR's reorganization plan precluded the Johnsons "from bringing . . . claims against former professionals" of BJR, including the defendants in the First State Court Complaint, because the plan gave those claims to CT Trust to pursue.

**¶11**         The Johnsons argue the bankruptcy court's Memorandum Decision and Clarifying Order are not entitled to full faith and credit because they did not affect "core proceedings" under the Bankruptcy Code. *See* 28 U.S.C. § 157(b) (2016). The Memorandum Decision and Clarifying Order, however, clearly affected core proceedings over which the bankruptcy court has exclusive jurisdiction. *In re Birting Fisheries, Inc.*, 300 B.R. 489, 499 (B.A.P. 9th Cir. 2003); *see also In re McGhan*, 288 F.3d 1172, 1179 (9th Cir. 2002) (federal law "bars state court intrusions on all . . . 'core' bankruptcy proceedings") (quoting *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000)).

**¶12**         Confirmation of a reorganization plan is a core proceeding. 28 U.S.C. § 157(b)(2)(L). "Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining to the plan are entitled to *res judicata* effect." *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995). In the Memorandum Decision and Clarifying Order, the bankruptcy court reviewed BJR's reorganization plan, the First State Court Complaint and the Second State Court Complaint, and found that the claims the Johnsons sought to raise in state court had been assigned to CT Trust. This conclusion is not subject to challenge in state court. *See In re Pac. Gas & Elec. Co.*, 281 B.R. 1, 9 (Bankr. N.D. Cal. 2002) ("[M]atters concerning confirmation of a plan of reorganization . . . go to the very essence of a bankruptcy court's original and exclusive jurisdiction . . . and . . . plan confirmation is within the protected sphere of matters that the Ninth Circuit has held to be free from second-guessing by state courts.") (quotation omitted).

¶13         The Johnsons' means to challenge the bankruptcy court's decision was a direct appeal to the district court.  When they failed to pursue their appeal, the bankruptcy court's decision became final.  *See In re Pardee*, 193 F.3d 1083, 1086 (9th Cir. 1999) ("Where a 'creditor fails to protect its interests by . . . appealing the confirmation order, it cannot later complain about a certain provision contained in a confirmed plan' by bringing a collateral attack in another court.").

¶14         The Johnsons argue the superior court erred by granting summary judgment without deciding whether their claims are direct or derivative.[3]  The superior court, however, did not need to address the issue.  In the Memorandum Decision, the bankruptcy court found that the First and Second State Court Complaints stated "derivative claims that are property of the [bankruptcy] estate."  As to that issue, the superior court properly deferred to the bankruptcy court.  A bankruptcy court order "constitutes a judgment which is not subject to collateral attack . . . unless it affirmatively appears from the record that the bankruptcy court lacked jurisdiction."  *Rackers v. Nicholson*, 89 Ariz. 397, 400 (1961).

¶15         The Matthews and Plattner parties request attorney's fees under A.R.S. § 12-349(A) (2016).  It appears they contend the Johnsons filed this appeal without substantial justification.  A.R.S. § 12-349(A)(1).  An appeal lacks substantial justification if it "is groundless and is not made in good faith."  A.R.S. § 12–349(F).  These elements must be established by a preponderance of the evidence.  *Johnson v. Mohave County*, 206 Ariz. 330, 334, ¶ 16 (App. 2003).  Even if we were to accept the contention that this appeal was frivolous, the record does not show that the Johnsons filed it in bad faith.  We therefore decline to award fees under § 12-349(A)(1).

---

[3]         Generally, a claim is derivative "if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets."  *Albers v. Edelson Tech. Partners L.P.*, 201 Ariz. 47, 52, ¶ 17 (App. 2001).

**CONCLUSION**

**¶16** We affirm the superior court's entry of summary judgment and award the Matthews and Plattner parties their costs of appeal contingent upon their compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: AA